JANE B. HOLMES, administratrix of JAMES W. JONES, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

1. Railroad companies, by their agents, should exercise all reasonable care and diligence in the running of their locomotives, cars and other machinery, and are liable for damages caused by their failure to do so.
2. In a case where a railroad train ran over and killed a slave, who was on the track at a point sixty yards from a public road-crossing, the Court was requested to charge the jury "that the plaintiff is not entitled to recover, unless the jury find, from the evidence, that the defendant was guilty of gross negligence," which charge the Court refused to give. The jury having found a verdict against the railroad company, a new trial was moved for, and the motion granted by the Court, on the ground that the charge, as requested, ought to have been given ; and, on the further ground, that the verdict was contrary to the principles of law, equity and justice.
*Held*, that although the charge requested was properly refused, yet, upon the facts of the case, the granting of the new trial was right.

Statutory action.   New trial.   By Judge GIBSON.   Burke Superior Court. · May Term, 1867.

The Central Railroad and Banking Company, as lessees of the Augusta and Waynesboro' Railroad, were sued by Jane B. Holmes for killing a slave (in July, 1854,) belonging to said deceased.

The spot at which the engine killed the slave was about seventy or eighty yards from the public road, but it was on a part of the track used very much by foot passengers to make a short cut from one to another of the public roads,

39

which was known to defendant's agents.    It was down grade at that point, and the view was there obstructed by a cut. The killing took place near midnight.    The blow posts were not at such distance from the public crossings as required by law, and it was doubtful, from the testimony, whether the engineer blew the whistle when he passed the blow posts. The engine was going at the usual speed at the time ; the slave was on the track, but not standing up; the engineer did not see him till he was struck by the engine, and then supposed that the slave was a hog or sheep.    As to the charge of the Court, see the motion for a new trial.

The jury found for the plaintiff for $1,500 00, and interest.    The defendant moved for a new trial, on the following grounds :

1st and 2d.  Because the verdict was contrary to the, evidence, etc.

3d.  Because it is contrary to the charge of the Court, in the following particulars, to-wit: 1st, in this, that the Court charged the jury that if they found, from the evidence, that, at the time of the accident, plaintiff's slave was upon the defendant's track, without defendant's permission, that defendant was using ordinary care, and that the injury was not received at a public road-crossing, the plaintiff is not entitled to recover.    2d, that if the jury believed, from the evidence, that the plaintiff's slave, by the exercise of ordinary prudence, could have avoided the injury, plaintiff is not entitled to recover, although the defendant may have been in some degree negligent.    3d, that if the jury believed, from the evidence, that the plaintiff's slave was the most negligent, they must find for the defendant.    4th, that if the defendant was engaged in its legitimate employment, and used ordinary or reasonable care, the plaintiff could not recover.    5th, that the track of a railroad company is not a public highway, and persons who use the same in the pursuit of their ordinary private business, except at a public road crossing, are actual trespassers ; and 6th, that if plaintiff's servants and the defendant were equally at fault, that plaintiff could not recover.

4th.  Because the Court erred in charging as follows: 1st

the provisions of the Act of January 22, 1852, prescribing rules and regulations to be observed by Railroad Companies in running engines, etc., do not apply, unless the injury is received at a public road-crossing, (but I leave it for the jury to say whether, under the circumstances, the defendant should be held liable or not, if the accident was in the neighborhood of a crossing.) 2nd, in this, that after charging "some difference must be made between cattle and human beings in reference to negligence," (he added, "in the case of human beings some little negligence must be shown, perhaps as much as was shown in this case, would be sufficient.")

5th. In refusing to charge, as requested, that plaintiff could not recover unless the jury found, from the evidence, that the defendant was guilty of *gross* negligence.

The Judge certified that he did not charge so much of the 4th ground as is included in brackets. He ordered a new trial upon the grounds, that he should have given the 5th request in charge, and that the verdict was contrary to the evidence. Of this order the plaintiff below complains.

Jno. T. Jones, for plaintiff in error.

W. A. Walton and Jackson, Lawton & Bassinger, for defendant in error.

Walker, J.

1. A Railroad Company is liable for any damage done to persons, stock, or other property, by the running of the locomotives, or cars, or other machinery, unless the company shall make it appear that their agents exercised all ordinary and reasonable care and diligence. Rev. Code, sec. 2979; and the company is liable for injuries caused by the carelessness, negligence or improper conduct of its agents. Ib. sec. 3292. The measure of the liability is, "all ordinary and reasonable care and diligence," not "gross negligence," as was insisted by counsel for defendant in error.

2. We think the Court properly refused the request to charge "that the plaintiff could not recover unless the jury

found from the evidence that the defendant was guilty of gross negligence;" and if this were the only ground for a new trial, it should not have been granted.

Much was said in the argument as to the liability of the Railroad, under the Act of January, 1852, pamp. Acts, p. 108; Rev. Code, sec. 742 to 745. By this Act, certain things were required to be done by railroads, and certain liabilities incurred, in case of failure. This act was intended for the protection of persons and property, at public crossings of the road. The public have a right to cross the railroad track at the public road crossings. When traveling the highway, persons are lawfully on the railroad track, at the point of crossing; and if an injury is done at such public crossing, then, the provisions of the Act of 1852 become material. In this case, the accident having occurred elsewhere, the provisions of this act are not applicable. The fact that so many persons traveled, on foot, over the portion of the road where the negro was killed, did not make the railroad a public road. In deciding the question of what would be reasonable care and diligence, possibly this fact might be taken into consideration, in connection with all the other facts of the case. Taking all the facts of the case, as they appear in the record, we think the Court did right to grant a new trial, on the ground that the verdict was against the evidence. The negro was on the road of the defendant, at a point where he had no right to be. It was at the hour of midnight. The train was going at the rate it usually ran at that place. The weight of the evidence is in favor of the theory that the negro was lying down on the track, and would not, likely, be seen until it would be too late to check up the train. The facts, all taken together, as they appear in the record, show the exercise of all ordinary and reasonable care and diligence, on the part of the agents of the Railroad Company, on that occasion; and the Court, very properly, granted a new trial on this ground.

Judgment affirmed.