## CHARLES M. WILLIAMS

*v.*

## THE CHICAGO AND ALTON RAILROAD COMPANY.

*Filed at Springfield January 21, 1891.*

1. NEGLIGENCE—*right of action—in whom—generally.* In order to a recovery for negligence, it is not sufficient to show that the defendant has neglected some duty or obligation existing at common law or imposed by statute, but it must be shown that the defendant has neglected

a duty or obligation which it owes to him who claims damages for the neglect.

2. SAME—*railroad crossings—omission to give proper signals—who may avail of the neglect.* The duty of railroad companies to ring a bell or sound a whistle on a train approaching a highway crossing is intended for the benefit or protection of travelers upon the public highways and passengers upon the passing train, and the place indicated is the intersection of a railroad with a public highway.

3. A railway company does not owe any duty to a person plowing in a field near where its road crosses a public highway, to ring a bell or sound a whistle eighty rods before reaching the crossing with a train, and if such person is injured in consequence of a neglect to give warning, or by frightening his team, he will have no right of action, based on such neglect of duty.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. THOMAS F. TIPTON, for the plaintiff in error:

The duty to ring the bell or blow the whistle, and the failure to perform that duty, are admitted by the demurrer. This neglect was *per se* negligence. *Railroad Co.* v. *Dillon,* 123 Ill. 570.

In the case of *Toledo, Wabash and Western Railroad Co.* v. *Harmon,* 47 Ill. 298, it was held that railroads operating their franchises in populous cities, and over and along public thoroughfares, where the hazard to persons and property is great, will be held to the exercise of a high degree of caution and skill, commensurate with the extra hazard. If the defendant company had performed its duty as required by the statute, which it is admitted it did not, then plaintiff would not have been injured. In this case the liability rests upon a violation of an express statutory requirement, the observance of which would have, or at least might have, prevented the injury. *Railroad Co.* v. *Dickson,* 63 Ill. 151.

The case at bar is clearly within the case of *Toledo, Wabash and Western Railroad Co.* v. *Furgusson,* 42 Ill. 451. See, also,. *Railroad Co.* v. *Deacon,* 63 Ill. 94.

A railroad company is bound to run its trains with due and proper care, and to exercise the highest degree of care to avoid injury either to its passengers or other persons, and, whenever and wherever it is necessary, to ring a bell or blow a whistle. *Railroad Co.* v. *Dillon,* 123 Ill. 570; 25 Am. and Eng. Ry. Cases, title "Statutory Requirements," 351; *Railroad Co.* v. *Dillon,* 17 Ill. App. 355; *Railroad Co.* v. *Jenuine,* 16 id. 209.

The degree of diligence and care required of railroad companies is not fixed by any definite and precise rule, but depends rather upon the facts and circumstances of the case, so that what would be an unnecessary act in one case will be immediately demanded in another. *Railroad Co.* v. *Stables,* 62 Ill. 313; *Railroad Co.* v. *Nixon,* 52 Texas, 15; *Beiseigel* v. *Railroad Co.* 34 N. Y. 633; *Pollock* v. *Railroad Co.* 124 Mass. 158; *Renwick* v. *Railroad Co.* 36 N. Y. 132; *Gorton* v. *Railroad Co.* 45 id. 660; *O'Mara* v. *Railroad Co.* 38 id. 445; *Condell* v. *Railroad Co.* 64 id. 335; *Hill* v. *Railroad Co.* 9 Heisk. 823; *Railroad Co.* v. *Triplett,* 38 Ill. 482; *Railroad Co.* v. *Siltman,* 88 id. 529; *Dimick* v. *Railroad Co.* 80 id. 338; *Railroad Co.* v. *Van Patten,* 74 id. 91; *Railroad Co.* v. *Copeland,* 61 Ala. 376; *Railroad Co.* v. *Mathias,* 50 Ind. 65; *Karle* v. *Railroad Co.* 55 Mo. 476; *Kennayde* v. *Railroad Co.* 45 id. 255; *Commonwealth* v. *Railroad Co.* 10 Allen, 189.

But to render the company liable in such a case, the injury must be shown to have occurred by reason of the omission. *Railroad Co.* v. *Nixon,* 52 Texas, 19; *Barringer* v. *Railroad Co.* 18 Hun, 398.

The declaration alleges, and the demurrer admits, that injury resulted from the fright of the team, caused by the negligence of the defendant in not giving due warning of the approach of the train in question. This is enough, though it

is not alleged, and is not the fact, that any collision occurred between the train and his plow or horses. *Norton* v. *Railroad Co.* 113 Mass. 366; *Preston* v. *Railroad Co.* id. 370; *Pollock* v. *Railroad Co.* 124 id. 158.

. Messrs. WILLIAMS & CAPEN, for the defendant in error:

. Even had this case been brought under the statute, no duty was thereby created by it toward the plaintiff, and no cause of action was made out. *Railroad Co.* v. *McKnight*, 16 Bradw. 596; *Railway Co.* v. *Neikirk*, 13 id. 387; 15 id. 172; *Railroad Co.* v. *Feathers*, 10 Lea, 103; 1 Thompson on Negligence, 452, note 3; *O'Donnell* v. *Railroad Co.* 6 R. I. 211; *Railroad Co.* v. *Payne*, 29 Kan. 188; *Railroad Co.* v. *Pierce*, 33 id. 61; *Clark* v. *Railway Co.* 35 id. 350; *Ferry* v. *Jewett*, 78 N. Y. 338; *Evans* v. *Railroad Co.* 62 Mo. 49; *Rohback* v. *Railroad Co.* 43 id. 187; *Favor* v. *Railroad Co.* 114 Mass. 350.

It can not be predicated of any particular act that it is *per se* negligent. It is only so because it is a breach of duty. This is most elementary, but see Smith on Negligence, *2; Cooley on Torts, 630.

The requirement to blow a whistle or ring a bell is purely statutory. *Railroad Co. Loomis*, 13 Ill. 548.

Where an action is brought upon a common law liability, statutory provisions are inapplicable, and will not be considered: *Railroad Co.* v. *Augustus*, 21 Ill. 186.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action brought in the Circuit Court of McLean County by the plaintiff in error againt the defendant in error to recover damages for a personal injury. The declaration avers, that the railroad track of the defendant below crosses a public highway adjoining the farm of one Johnson; that within eighty rods of the crossing there is a curve in the track and there are timber and other growth on the right of way, by reason of

which persons plowing on the farm near the right of way are unable to see a train coming until it is within two hundred yards of the crossing; that, on April 12, 1889, plaintiff below was plowing on said farm within thirty feet of said right of way, and at a point where the engine and train left the curve and came within view of said crossing; that, in order to give notice, to parties working on said land and near the right of way, of the approach of a train, it is the duty of the defendant to ring a bell or blow a whistle at least eighty rods before reaching said crossing, and to keep the bell ringing or whistle blowing until the crossing is reached, that persons plowing may stop and hold their horses; that the defendant wholly failed in its duty in this regard; that the plaintiff, while at work in said field and in the exercise of due care, could not see the approaching train by reason of the curve, timber and undergrowth, and, in consequence of such negligence of the defendant, the team used by the plaintiff became scared and whirled around, and one of the horses struck the plaintiff and broke his right thigh, etc. A demurrer was filed to the declaration, which was general and also set up special causes. The Circuit Court sustained the demurrer and entered judgment for the defendant. The Appellate Court has affirmed the judgment of the Circuit Court.

Inasmuch as the demurrer admits the allegations of the declaration to be true, it is conceded that the defendant was guilty of negligence in not ringing the bell or blowing the whistle at a distance of eighty rods from the crossing. Section 68 of the Railroad Act (Starr & Cur. Ann. Stat. chap. 114, page 1935,) provides, that "every railroad corporation shall cause a bell of at least thirty pounds weight and a steam whistle (to be) placed and kept on each locomotive engine and shall cause the same to be rung or whistled by the engineer or fireman at the distance of at least eighty rods from the place where the railroad crosses or intersects any public highway, and shall be kept ringing or whistling until such highway is

reached." The first section of the Act of February 27, 1869, from which the foregoing provision has been taken after being re-written and changed, contained the following language, to-wit: "and the corporation owning the railroad shall be liable to any party injured for all damages sustained by reason of such neglect." (Pub. Laws of 1869, page 308.) The same language was contained in the 38th section of the Act of November 5, 1849, (General Laws of 1849, pages 31 and 32,) but in the Revision of 1874 it was omitted, and it is not now a part of the Railroad Act.

The question presented for our consideration is, whether or not the plaintiff has a right of action based upon the negligence of the company in not ringing the bell or blowing the whistle. In other words, did the company owe it as a duty to the plaintiff to comply with the statutory requirement above specified? In order to justify a recovery, it is not sufficient to show that the defendant has neglected some duty or obligation existing at common law or imposed by statute, but that the defendant has neglected a duty or obligation which it owes to him who claims damages for the neglect. (*O'Donnell* v. *P. & W. R. R. Co.* 6 R. I. 211.) It has been said: "however great the defendant's negligence, if it was committed without violating any duty which he owed either directly to the plaintiff, or to the public in a matter whereof he had the right to avail himself, * * * there is nothing which the law will redress." (Bishop on Non-Contract Law, sec. 446.) In Shearman & Redfield on Neg. (4th ed. sec. 8,) the doctrine is thus expressed: "If the defendant owes a duty, but does not owe it to the plaintiff, the action will not lie."

It is a fair construction of section 68 as above quoted that the duty there imposed upon railroad companies was intended to be for the benefit of travellers upon the public highways. If it were not so, why is the bell required to be rung or the whistle to be sounded at a certain distance from "the place where the railroad crosses or intersects a public highway?"

The place here indicated is the intersection of a railroad with a public highway, and the persons whose safety and protection are contemplated by this phraseology are those, who use the highway, and those, who are passengers upon the passing train.

Similar provisions exist in the statutes of other States, and the uniform current of authority is in favor of the construction, that the requirement is for the benefit of travellers upon the highway. In some of the cases the obligation to ring the bell or blow the whistle exists where the grade of the railroad track and that of the highway are on the same level, in others where the track is upon a bridge raised above and over the highway. In some of the cases, it is held that the duty of giving the signal is exacted in order to protect travellers from actual collision with passing trains, in others in order, also, to enable them to secure their horses against taking fright at the trains when they pass. In one case, the railroad company was held liable to one who had passed the crossing, in another case to one travelling upon a highway parallel with the track towards a highway crossing the track. But in all these cases, the person who has the right of recovery is a person who is on the highway, either at the crossing or elsewhere. Wherever the hazard to be provided against is the danger of damage by the frightening of teams, the teams are those which are travelling upon the public highway at or near the crossing. The view here taken is sustained by the following authorities: 1 Thomp. on Neg. page 352, sec. 15, and page 452, sec. 1, par. 3; *Harty* v. *Cent. R. R. Co.* 42 N. Y. 468; *O'Donnell* v. *Providence, etc. R. R. Co.* 6 R. I. 211; *Holmes* v. *Central R. & B. Co.* 37 Ga. 593; *Norton* v. *Eastern R. Co.* 113 Mass. 366; *Wakefield* v. *Conn. etc. R. Co.* 37 Vt. 330; *Penn. R. Co.* v. *Barnett,* 59 Penn. St. 259; *Ransom* v. *C. St. P., M. & O. R'y. Co.* 62 Wis. 178; *St. L. & S. F. R'y. Co.* v. *Payne,* 29 Kan. 166; *Evans* v. *A. & P. R. R. Co.* 62 Mo. 49.

It is manifest that the plaintiff in the present case did not belong to the class for whose benefit the railroad companies are required to give the signal. Unquestionably the defendant neglected its duty, but it neglected no duty which it owed to the plaintiff under the circumstances set up in the declaration. Plaintiff was not travelling upon the highway, either at the crossing, or before reaching the crossing, or after passing the crossing. He was not even upon a highway running parallel with the track. He was plowing on the farm near the railroad right of way. It is true that he was within eighty rods of the highway adjoining the farm, but it cannot be said that, under section 68 above quoted, railroad companies are obliged to ring the bell or sound the whistle in order that farmers at work in the fields may be warned of the approach of the trains, and thereby be enabled to hold their horses until the trains have passed. The statute only requires the company to give the signal when the train is eighty rods from the crossing, but if the duty imposed is for the benefit of farmers at work in the fields with their horses, then the signal will often be required before, as well as after, the train has reached a distance of eighty rods from the crossing. The legislature undoubtedly has the power to require a signal to be given for the benefit of farmers using their teams upon the farms along the railroad right of way, but it has not seen fit to exercise such power.

We are of the opinion that the demurrer to the declaration was properly sustained.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*