## Chicago & A. R. R. Co. v. Randolph P. Anderson, Administrator.

1. NEGLIGENCE—*Deviations from Established Customs Without Warning.*—When the servants of a railroad company, in violation of a long established and well recognized custom, back a train in and upon a coal track, and after putting it in rapid motion detach empty cars and allow them to move at a dangerously rapid rate of speed along such track, warning of the intention to deviate from such custom should be given by means of the bell and whistle.

2. VARIANCES—*Should be Pointed out Specifically.*—The objection of a variance is technical and should not be favored.  A motion to exclude evidence on the ground of a variance between the proofs and the pleadings which does not indicate in what the supposed variance consists, but alleges only in general terms that a variance exists, is properly overruled.

3. WORDS AND PHRASES—*" Proper Precaution " and " Reasonable Care."*—The use of the words "proper precaution" instead of "reasonable care" in an instruction in an action for personal injuries, although, perhaps, subject to criticism, is not error as misleading or warranting the jury in exacting the performance of any and every act which would have avoided the injury in question, especially where, in other instructions, only ordinary and reasonable caution, care, etc., are required.

4. SPECIAL INTERROGATORIES—*Submission of, When Properly Refused.*—The submission of a special interrogatory which calls for the finding of mere evidentiary facts is properly refused.

Trespass on the Case, for personal injuries.  Appeal from the Circuit Court of Macoupin County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1896.  Affirmed.  Opinion filed November 21, 1896.

RINAKER & RINAKER, attorneys for appellant.

A. N. YANCEY and PEEBLES & PEEBLES, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This case was before us at a former term.  (Same v. Same, 55 Ill. App. 649.)

We then reversed a judgment rendered in favor of appel-

lee because upon the pivotal question of fact whether the decedent used ordinary care for his safety, we thought the instructions of the court invaded the province of the jury to the prejudice of the appellant company.

The case has been again tried and judgment awarded the appellee in the sum of $4,600, from which this appeal.

The jury returned special finding to the effect the appellee's decedent had exercised due care.

We find in the record proof in support of the finding which was lacking in the record of the case when it was formerly before us.

In all other respects the testimony upon the last hearing was substantially the same as upon the first.

The facts are sufficiently stated in the former opinion, *supra*.

The contention of the appellee that servants of the appellant company, in violation of a long established and well recognized custom, backed the train in and upon the south end of the main coal track, and after putting it in rapid motion detached the empty cars, and allowed them to move at a dangerously rapid rate of speed along said main coal track, was amply sustained by the proof.

The testimony was such the jury were warranted in concluding notice or warning of the intention to deviate from the custom was not given.

Upon these points the case was so clearly made out it is not important to inquire whether the instructions were inaccurate in minor respects as insisted by counsel.

Counsel for appellant company insist the negligence charged in the declaration is the negligent management " of a certain locomotive steam engine and a train of cars thereto attached," and that the negligence sought to be established by proof was in detaching the cars from the train and allowing them to continue in motion, etc.

Hence it is urged it was error to overrule the motion to exclude the evidence upon the ground of a variance between the proof and the pleading.

The objection of variance is technical and not to be favored.    Stearns v. Reidy, 135 Ill. 123.

The motion did not indicate in what the supposed variance consisted, but alleged in general terms only that a variance existed.

In Lake Shore v. Ward, 135 Ill. 516, the ground of the motion was, "the proof varies from the declaration," and our Supreme Court said: "It was incumbent upon the defendant to indicate and point out (in the motion) in what the variance consisted, so as to enable the court to pass upon the question intelligently, and also to enable plaintiff to amend her pleadings so as to make it conform to the proofs," and refused to consider the point.

Moreover, we do not think there was material variance in the case at bar.

The fact a train was in motion upon the track of the L. C. & N. Railroad, in the vicinity of place where appellee, decedent, was killed at the time of the occurrence, was part of the *res gestæ*, and testimony to establish that fact was improperly admitted.

The second instruction given in behalf of appellee required the exercise of "proper precautions and reasonable care," etc., on the part of servants of the appellant.

The criticism is that only "reasonable" care and caution was required, and that the use of the word "proper" in the sense of being an equivalent for the word "reasonable" was misleading and warranted the jury in exacting the performance of any and every act which, as it might afterward be seen, would have avoided the occurrence, whether a person, though exercising ordinary care and caution, would have performed such act or not.

In the abstract, perhaps, the criticism is not groundless, but it is not suggested nor does it occur to us anything appeared in the evidence to which the error might apply to mislead the jury.

In the other of appellee's instructions only "ordinary" and "reasonable" caution, care, etc., was demanded, and in the second of appellant's instructions the jury were specially charged as follows:

"2. The court instructs the jury that it is not enough to

justify the jury in finding a verdict for the plaintiff that it shall appear from the evidence that deceased was killed by cars of the defendant, or that, looking at the facts and surroundings in evidence after the accident, it can now be seen that something not done by the defendant's servants at the time might have avoided the injury.    But if the jury believe from all the evidence in the case that defendant's servants at the time of the accident used due and ordinary care in the operation of defendant's train under the circumstances, then the verdict must be for the defendant."

And the fourth instruction in the same behalf, was as follows:

"4.    The court instructs the jury that the defendant, while using the railroad track in moving cars thereon, was only bound to use reasonable care to avoid injuring persons and property of people being on and approaching its line of railroad.    And if the jury believe from the evidence in this case that the defendant, by its servants, exercised reasonable and ordinary care in moving and managing the cars it was hauling, and to ascertain the condition of the switches before attempting to place their cars in position for the use of the Carlinville Coal Company, then it performed its whole duty and the jury will find a verdict for the defendant."

In view of these instructions, it would be but to question the intelligence of the jury to hold they might have been misled by the use of the word "proper," to understand that a degree of care greater than ordinary or reasonable care, was required of the servants of the appellant.

The court submitted three special findings to the jury and refused to submit nine others.    Those refused, except the sixth, asked findings as to evidentiary facts merely, and were, for that reason, properly refused.

The sixth sought to have the jury answer whether "the servants of the appellant company used due care to stop the moving cars after they discovered a collision was probable."

A finding favorable to the appellant upon the question could not have availed to control the general verdict.

If the servants of the company were guilty of negligence

in putting the cars in rapid motion on the coal track, it could not be excused from the consequence of such neglect by showing its servants afterward used all due care, but without avail, to relieve appellee's intestate from the peril to which such negligence exposed him.

Fourteen instructions were given in behalf of appellant, and the law of the case for the defense fairly and fully stated in them.

Eight other instructions were asked in the same behalf, but were refused.

We have examined them and think the court ruled correctly in denying them.

Only one of them need be here noticed. By it the court was asked to advise the jury no duty to the deceased was imposed upon the railroad company to sound the whistle or ring the bell of the locomotive, but that such duty was only for the benefit of persons traveling upon the highway or street, and to warn them a train was approaching the crossing.

Counsel insist that the instruction is based upon the rule laid down in Williams v. C. & A. R. R., 135 Ill. 491.

The ruling of the court in the case cited is that statutory negligence is not to be imputed to the company because of a failure to give the signals required by the statute when a train is approaching a highway crossing, except as to persons who are traveling upon the highway.

In the case at bar, the question, not depending upon the statute but upon the facts, was, whether due care required notice or warning that the train was about to be moved in upon the coal track, should have been given.

A convenient and the usual mode of giving notice or warning of the movements of trains, is by means of the bell and whistle.

Hence, whether the bell was rung or the whistle sounded, was proper for the consideration of the jury in arriving at a conclusion as to whether reasonable care had in fact been exercised by the servants of the company.

If given, the instruction could have served no other pur-

pose than to mislead the jury to believe a failure to ring the bell or sound the whistle was not proper to be considered by them.

We think the case, as now shown by the testimony, is with the appellee upon the merits, and that no error of substantial character intervened in the trial of the cause.

The judgment is therefore affirmed.