## A. B. Thompson v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company et al.

1. WARNING—*when railroad company not under obligation to give.* The obligation of a railroad company to sound a bell or blow a whistle does not extend to trespassers upon its right of way, unless it appears that a failure so to do amounted to wantonness or wilfulness.

Action on the case for personal injuries. Error to the Circuit Court of Edgar County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

DUNDAS & O'HAIR and H. S. TANNER, for plaintiff in error.

GEORGE F. McNULTY, for defendants in error; C. S. CONGER and R. L. McKINLAY, for defendants in error.

MR. JUSTICE GEST delivered the opinion of the court.

The declaration is in case for a personal injury received by plaintiff. It avers that the railroad crossed a certain highway in Edgar county, that defendants neglected to maintain cattle guards at the crossing, and while plaintiff was driving some of his calves over the crossing, they left the highway and passed upon the right of way by reason of the lack of cattle guards; that he went out upon the right of way to drive the calves back upon the highway, and while endeavoring to do so, and exercising all due care for his own safety, a train of the defendants' approached the crossing at a speed of seventy-five miles per hour without ringing a bell or sounding a whistle or giving any signal of its approach, and for that reason plaintiff failed to know of its approach until it was close upon him, and thereupon he tried to get away as far as possible from the track and to a place of safety, but because he was old and could only move slowly, he could not do so; that the locomotive struck one of the calves, hurled it through the air and against him and thereby he was so injured that one of his legs was thereafter necessarily amputated; that but for defendants' negligence in failing to give signal of its approach he would not have been injured, and concluding with the usual allegations of damage. The court sustained a general demurrer to the declaration, and plaintiff abiding by his declaration, the suit was dismissed at his cost. At the time of his injury plaintiff was not using or upon the highway and as to him defendants owed no duty to signal. Williams v. C. & A. R. R. Co., 135 Ill. 491. Plaintiff's position upon the right of way of defendants was at the most that of a mere licensee. It is not averred in the declaration that the defendants knew he was there nor that the injury was wantonly or wilfully inflicted. In I. C. R. R. Co. v. Eicher, 202 Ill. 560, it is said: "A railroad com-pany owes no duty to a person walking along its tracks without its invitation, either expressed or implied, except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is dis-

covered to be in peril; and it makes no difference in that respect whether he is a trespasser, a mere licensee, or one who is on the tracks by mere sufferance, without objection of the company. One who goes upon a railroad track by permission, or where permission may be implied from the circumstances, may be regarded as having a license, but one who is there by mere sufferance is not a licensee and may be a trespasser. In either case there is no duty towards him except to refrain from wantonly or wilfully injuring him." The demurrer was properly sustained and the judgment is affirmed.

*Affirmed.*