ECONOMY FIRE & CASUALTY COMPANY, Plaintiff-Appellant, v. GAB BUSINESS SERVICES, INC., Defendant-Appellee.

Third District   No. 3—86—0233

Opinion filed April 28, 1987.

Hupp, Lanuti, Irion & Martin, P.C., of Ottawa (Paul V. Martin, of counsel), for appellant.

Johnson, Martin & Russell, P.C., of Princeton (Daniel K. Russell, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Economy Fire and Casualty Company (Economy), brought an action against defendant, GAB Business Services, Inc. (GAB), alleging breach of an oral contract and common law negligence. Plaintiff sought to recover damages alleged to have been caused by defendant's conduct in adjusting an insurance claim on their behalf. The defendant filed a motion to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)) which incorporated by reference the record from a different trial. The trial court granted defendant's motion and plaintiff appeals.

Three issues are raised in this appeal: (1) whether plaintiff as a matter of law sustained damages as a result of the conduct of the defendant; (2) whether the trial court erred in granting defendant's section 2—619(a)(9) motion to dismiss; and (3) whether the trial court committed reversible error by granting GAB's section 2—619(a)(9) motion because it was really a "hybrid motion" which prejudiced the plaintiff.

On June 11, 1980, Joseph Helland and Sherman Buckley were involved in an automobile accident. In July of 1980, GAB was employed by Economy to adjust Helland's insurance claim against Sherman Buckley, Economy's insured. Joseph Helland's insurance claim involved claims for both personal injuries and property damage. With Economy's approval and knowledge, Helland's property damage claim

was settled by Jim Martinkus of GAB in October of 1980.

GAB made several offers to Helland in attempt to settle Helland's personal injury claim, but Helland rejected these. At trial in a previous action against Sherman Buckley, Helland testified that he had an agreement with Jim Martinkus that he could settle his personal injury claim after his medical treatment was complete. Although GAB reported to Economy on a regular basis, Economy denied having any knowledge of this agreement between Helland and GAB.

On October 28, 1981, Economy sent a letter to GAB instructing them to make no further contact with Helland, but instead to let Helland come to GAB. At this time Economy also instructed GAB to close and deactivate the Helland file. In late September or early October of 1982, after the statute of limitations had run, Helland learned that his file was closed and that GAB no longer wished to negotiate. Helland then retained counsel and filed suit on October 18, 1982. In that case, a jury found that the defendant, Sherman Buckley, was estopped from raising the statute of limitations as a defense to Helland's personal injury claim. As a result of that verdict, Economy filed a two-count complaint against GAB which is the subject of the case at bar.

The first issue in this appeal is whether Economy suffered damages as a result of the conduct of GAB. Economy argues that it suffered damages because the conduct engaged in by GAB resulted in a waiver of the statute of limitations defense. Economy contends that they had no knowledge of any agreement between GAB and Helland that Helland's personal injury claim could be settled after his medical treatment was complete. Economy claims that had the statute of limitations defense been successful, their exposure for Helland's claim would have been zero. Instead, after they were estopped from raising that defense they settled Helland's claim for $9,250. Economy seeks to recover the $9,250 paid to Helland along with the attorney fees and costs incurred in the Helland case as damages.

GAB argues that the October 28, 1981, letter from Economy to Jim Martinkus of GAB, instructing GAB to close its file on Helland and to have no further contact with him, constituted a change of position on the part of Economy which superseded any conduct on the part of GAB. GAB contends that it then became Economy's duty to notify Helland of its change of position toward settlement and the date the statute of limitations was to run. GAB argues that Economy's failure to do so resulted in the application of the doctrine of equitable estoppel.

In order for equitable estoppel to apply, the conduct of the

party against whom it is asserted must be such as "to cause the other party to change his position by lulling him into a false security, thereby causing him to delay or waive the assertion of his rights to his damage." (*Dickirson v. Pacific Mutual Life Insurance Co.* (1925), 319 Ill. 311, 318, 150 N.E. 256, 259.) In Illinois, factors to consider in determining whether a party's conduct is such as to cause a reasonable belief in the plaintiff that a claim will be paid are: (1) concession of liability by the insurer; (2) conduct or statements by the insurer encouraging delay; (3) payments by the insurer during the negotiating period; and (4) plaintiff's awareness of the statute of limitations and whether plaintiff has retained counsel. *Zaayer v. Axel* (1981), 102 Ill. App. 3d 208, 429 N.E.2d 607.

In *Zaayer*, the defendant's insurance agent had made settlement offers, paid sums in settlement of damages, and generally encouraged an amicable settlement of the claim. The settlement negotiations continued up until six months prior to the expiration of the statute of limitations. The court in *Zaayer* held that defendant could not use the statute of limitations to escape liability, absent an affirmative showing that the settlement offers were revoked in sufficient time for plaintiff to file suit. 102 Ill. App. 3d 208, 213, 429 N.E.2d 607, 611.

In the case at bar, Economy conceded from the start that they were liable for plaintiff's injuries. In addition, the record reveals that Economy knew that Helland did not want to settle until he completed his medical treatment, knew that settlement offers had been extended, and knew that Helland was not represented by an attorney. When Economy sent GAB the letter in October of 1981 instructing GAB to close its file and have no further contact with Helland, there were still nine months before the statute of limitations was to run.

The fact that Economy might not have been aware of the GAB's representations to Helland that he could settle his claim after his medical treatment was complete is irrelevant given Economy's knowledge of the negotiations between Helland and GAB. When Economy instructed its agent, GAB, to close its file and have no further contact with Helland, it then became Economy's responsibility to notify Helland of their change in position toward settlement. Here, as in *Zaayer*, there is no indication that Economy revoked the prior settlement offers made to Helland. Hence it was Economy's conduct, not GAB's, which resulted in the application of equitable estoppel. We find that GAB had no duty to notify Helland of Economy's change in position and therefore was not responsible for Economy's being equitably estopped from pleading the statute of limitations as a defense. Economy's claim that they suffered damages as a result of GAB's

conduct is without merit.

■ Economy next argues that the trial court erred in granting GAB's section 2—619(a)(9) motion to dismiss. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) Economy claims that GAB admitted the truth of Economy's allegations by filing a section 2—619 motion to dismiss. Economy also contends that the "affirmative matter" GAB set forth in their motion, *i.e.*, the October 28, 1981, letter from Economy to GAB, was not sufficient to defeat Economy's cause of action because it only contested ultimate facts and because GAB's breach of contract occurred prior to their letter of October 28, 1981.

A motion to dismiss under section 2—619 of the Illinois Code of Civil Procedure admits all well-pleaded facts, but does not admit either conclusions of law or conclusions of fact which are not supported by allegations of specific fact. (*Szczurek v. City of Park Ridge* (1981), 97 Ill. App. 3d 649, 422 N.E.2d 907.) A defendant can defeat a plaintiff's cause of action by asserting, pursuant to section 2—619(a)(9), an "affirmative matter" which negates completely the plaintiff's cause of action or refutes crucial conclusions of law or conclusions of material fact which are not supported in the complaint by allegations of specific fact. *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 433 N.E.2d 1350.

■ Economy seeks to recover from GAB under two theories, breach of contract and negligence. In order to sustain a cause of action for breach of contract or a tort action, a plaintiff must establish that there was a wrongful act and that a loss or damages resulted directly from the wrongful act. *Hausmeister, Inc. v. Waibel* (1975), 29 Ill. App. 3d 289, 329 N.E.2d 825; *Town of Thorton v. Winterhoff* (1950), 406 Ill. 113, 92 N.E.2d 163.

■ Economy's allegations that the defendant breached an oral contract and was negligent in adjusting Helland's insurance claim are conclusions of law and are not admitted as true for purposes of a section 2—619(a)(9) motion to dismiss. Since we have already determined that Economy suffered no damages as a result of GAB's handling of Helland's claim, we find that GAB did raise an "affirmative matter" in their section 2—619(a)(9) motion which refuted unsupported conclusions of law and negated completely Economy's cause of action contained in the complaint. We find that the trial court did not err in granting GAB's section 2—619 motion to dismiss.

■ Economy's last contention is that the trial court committed reversible error in granting GAB's section 2—619(a)(9) motion because it was really a "hybrid motion" between a section 2—615 motion to dismiss, a section 2—619 motion to dismiss, and a section 2—1005 mo-

tion for summary judgement. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619, 2—1005.) Economy argues that because part of GAB's section 2—619 motion alleged that counts I and II of Economy's complaint did not contain all the necessary elements of a cause of action, it should have been labeled a section 2—615 motion. Economy contends that if GAB had proceeded with a section 2—615 motion, they then would have had an opportunity to amend their complaint and, if a section 2—1005 motion was used, they would have filed additional affidavits to support their position.

GAB argues that Economy failed to object to the alleged "hybrid motion" in the trial court and therefore they have not properly preserved that issue for appellate review. GAB also claims that even if Economy had preserved the issue for review, Economy was not prejudiced in the court below because Economy had notice of the specific nature of GAB's motion and supporting documents six weeks prior to the hearing on the motion to dismiss.

Generally, in order to preserve a question for review a party must object in the trial court below, and failure to object constitutes a waiver. (*Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 464 N.E.2d 1226.) The failure by a party to object at any time to the form or substance of a motion to dismiss bars that party from raising that issue for the first time on appeal as grounds for reversal. (*Thorton v. Williams* (1980), 89 Ill. App. 3d 544, 412 N.E.2d 157; *Cali v. DeMattei* (1984), 121 Ill. App. 3d 623, 460 N.E.2d 121.) Here, Economy had notice of the specific nature of GAB's motion and supporting documents six weeks prior to the hearing on the motion. Economy failed to object to the "hybrid" form of GAB's motion prior to the hearing on the motion, at the hearing itself, or in their motion to reconsider. Therefore, we hold that Economy has not properly preserved this issue for appeal.

For the foregoing reasons the judgment of the circuit court of Bureau County is affirmed.

Judgment affirmed.

SCOTT, P.J., and STOUDER, J., concur.