THE PEOPLE *ex rel.* George N. Gridley

*v.*

ALBERT L. HENDEE, County Clerk.

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*revenue must be directly involved in appeal to Supreme Court.* To give the Supreme Court jurisdiction of a direct appeal upon the ground that the case relates to the revenue, the case must relate directly to the revenue, and not merely incidentally or remotely.

2. SAME—*when case does not relate to the revenue.* A case involving the construction of the statute to determine whether the county clerk is required to make and deliver to the supervisor of assessments duplicate assessment books for personal property does not relate to the revenue so as to justify a direct appeal to Supreme Court; nor is the State an interested party.

APPEAL from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

R. W. COON, for appellant.

WHITNEY, UPTON & WHITNEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The circuit court of Lake county sustained a demurrer to the petition of the relator, George N. Gridley, supervisor of assessments of Lake county, for a writ of *man-*

*damus* to compel appellee, Albert L. Hendee, county clerk of said county, to provide duplicate assessors' books for the several townships and assessment districts of said county for the assessment of personal property. The relator stood by his petition, and final judgment was rendered. This appeal was then taken.

Counsel for appellant says: "The real point in this cause is whether, under the act of 1898 'for the assessment of property and providing the means therefor,' it is the duty of the county clerk to prepare and furnish to the supervisor of assessments duplicate assessment books for personal property as well as real property, and that the assessment of personal property shall be made in the same books with the real. We insist that the statute requires the furnishing of the duplicate books for both personal and real property; the appellee contends otherwise." He also says that the appeal was taken in this case because the case relates to the revenue and because the State is interested, "as a party or otherwise." But we have held that in order to give this court jurisdiction in a direct appeal from the trial court on the ground that the case relates to the revenue, it "must relate to the revenue directly, and not merely incidentally or remotely." (*Wells* v. *Rogers*, 196 Ill. 292.) It cannot be held that this case relates to the revenue directly. It only involves a construction of the statute to determine whether or not the county clerk is required to make and deliver to the supervisor of assessments duplicate assessment books for the assessment of personal property. No more can it be said that the State is interested in the case, as a party or otherwise.

Having no jurisdiction to entertain this appeal, it must be dismissed.       *Appeal dismissed.*