THE PEOPLE *ex rel.* Wiley *et al.*

v.

WILLIAM TOLBERT HELT.

*Announced orally June 3, 1903.*

APPEALS AND ERRORS—*when an action does not relate to the revenue.* A suit between two school districts as to which of them is entitled to receive the proceeds of a school tax already collected and in the hands of the treasurer does not relate to the revenue, within the meaning of section 88 of the Practice act, which allows appeals in revenue cases direct to the Supreme Court.

APPEAL from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

JAMES W. & EDWARD C. CRAIG, for appellants.

ECKHART & MOORE, for appellee.

Mr. JUSTICE WILKIN announced the opinion of the court:

This is a motion on behalf of appellee to dismiss the appeal on the ground that this court has no jurisdiction of the subject matter of the suit, but that the appeal should have been taken to the Appellate Court for the Third District. The appeal is brought to this court upon

the ground that the suit relates to the revenue, and that under section 88 of the Practice act the appeal would lie directly to the Supreme Court.

We are of the opinion that the revenue is not involved in this case, within the meaning of the statute. It seems that in one of the townships in the county of Douglas a school tax was collected and came into the hands of the treasurer of the township and he applied it or credited it to the wrong school district. It is the theory of the petition in this case that the fund in question was collected from lands in school district No. 22 and should have been credited to that district, but the treasurer credited it to another district, numbered 54, I think, and this is a petition for a writ of *mandamus* to compel the treasurer to correct that misapplication of the funds. In the sense of the statute the revenue is not involved. It is simply a controversy between the two districts as to which of them shall have this sum of money. We have frequently held that in order to entitle a party to an appeal directly to this court, upon the ground that the revenue is involved or upon the ground that the suit relates to the revenue, the revenue must be directly affected. In the recent case of *Reed* v. *Village of Chatsworth*, 201 Ill. 480, we held that the revenue can only be in issue, within the meaning of the statute, when some recognized authority of the State or some of the municipalities authorized by law to assess or collect taxes are attempting to proceed under the law, and questions arise between such authorities and those of whom the taxes are demanded. This case is in all respects like that, and we think the motion to dismiss should be sustained and the appeal dismissed.                    *Appeal dismissed.*