THE TRUSTEES OF SCHOOLS

*v.*

THE BOARD OF SCHOOL INSPECTORS OF PEORIA.

*Opinion filed February 17, 1904.*

APPEALS AND ERRORS—*when the revenue is not involved.* The revenue is not involved, so as to give the Supreme Court jurisdiction of a direct appeal, in a proceeding to compel a township treasurer to pay over a portion of the school taxes in his hands to the board of school inspectors instead of applying it under the direction of the local trustees of schools, there being no controversy between the tax-payers and any taxing body.

APPEAL from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

ARTHUR KEITHLEY, for appellants.

McCULLOCH & McCULLOCH, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

On October 27, 1902, appellee filed its bill in equity in the circuit court of Peoria county to require Alfred A. Phelps, township treasurer of Richwoods township, in said county, to pay over something like $2000 which was received by said treasurer of the school taxes collected for the year 1901, levied in parts of Peoria township and Richwoods township.

The bill alleges that prior to the present constitution the city of Peoria was chartered by a special act of the legislature, and that in 1869, by like special act, the charter was amended by creating a board of school inspectors of the city of Peoria, which was declared to be a body corporate, with, among others, powers to erect, hire and purchase school buildings suitable for school houses, to furnish school houses and furniture, to buy or lease grounds for school purposes, to maintain public schools in said city and to determine the rate of taxation and levy taxes; that by the charter of said city the said board of school inspectors consists of the mayor and two members from each ward of said city; that at the time of the organization and charter of the city by the special act and the amendments, the entire township in which said city was situated was included within the boundaries of said city, and the board of school inspectors exercised jurisdiction over all of it; that in 1887 the city of Peoria adopted the general City and Village act and organized under the general law; that in the north portion of said Peoria township a village was organized under the general law, called North Peoria; that said village extended into and included the south three-fourths of sections 33 and 34, in Richwoods township; that in the year 1900 the village of North Peoria was annexed to the city of Peoria, and that the city of Peoria, through its board of school inspectors, claims jurisdiction, in matters of school taxation, over the territory of Peoria township and that portion of Richwoods township that was

included in the village of North Peoria; that section 33 in Richwoods township constituted a school district, formerly known as No. 5 and now known as No. 115, and that section 34 in said township constituted a part of district No. 114, and that each of the latter districts, after the adoption of the general law by the city, included portions of North Peoria, and in each of said districts and in the corporate limits of North Peoria was a school house; that both the said board of school inspectors and the local boards of directors of the districts 114 and 115 made school tax levies for the year 1901, but that the county clerk, in extending the tax, recognized the certificates of the local boards of directors instead of the board of school inspectors of said city of Peoria; that the rates of levy by the local boards and by the city were the same and that there was no difference in the tax; that the tax was collected and was in the hands of said Phelps, as treasurer, who refused to turn the same over to the appellee board of school inspectors of the city of Peoria, which alone claims to have jurisdiction over and control of the schools of the city of Peoria and its addition.  The bill prays that the court may determine that the board of school inspectors of the city of Peoria has jurisdiction over the annexed territory and the sole right to levy and collect taxes for school purposes in such territory, and that the said Phelps may be required to account for and pay over to said appellee the proportion of the tax belonging to it.  Appellants demurred to the bill and the demurrer was overruled, and they electing to abide their demurrer, a decree was entered for appellee as prayed, and appellants prosecute an appeal to this court.

From the above statement it would seem that there is nothing in the bill or proceedings of the court below for this court to pass upon as a court of appeal or review.  We presume that this appeal is brought to this court upon the theory that the revenue is involved, and

if that were true this is the proper forum. As we view the matter, however, the revenue is not involved in this litigation. The taxes have all been paid, so far as we are advised by the bill, and there is no controversy between the tax-payers and any corporate body insisting upon its right and authority to levy and collect school taxes in the territory mentioned. The money is in the hands of the treasurer, and the controversy is whether he shall hold it and apply it under the direction of the local boards of directors, or whether he shall pay it over to the city to be expended according to the direction of appellee.

*Reed* v. *Village of Chatsworth*, 201 Ill. 480, is a case very similar in principle, and was a controversy between a village and the highway commissioners of the township in which the village was located, with reference to the road and bridge tax, which had been collected and paid over to the county treasurer. The village was claiming a portion of the tax and the township officers the whole of it. The treasurer filed an interpleader, and asked that the township and the village litigate and settle the controversy. In that case it was said (p. 482): "Our view is, that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess and collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded." That case was followed by that of *People ex rel.* v. *Helt*, 203 Ill. 111, which was a *mandamus* between school districts, and was to compel the school treasurer to credit the funds in his hands to a certain district when he was insisting upon the right to credit them to another district.

We are of the opinion that appellants have misapprehended the powers of this court, and that their appeal should have been to the Appellate Court.

The appeal will be dismissed.    *Appeal dismissed.*