THE CITY OF CHICAGO

*v.*

THE COUNTY OF COOK.

*Opinion filed December 22, 1906.*

1. APPEALS AND ERRORS—*when case does not relate to revenue.*
A proceeding by a city to recover from the county, as a trust fund,
the amounts reserved by county collectors as clerk's fees for extend-
ing taxes levied for library purposes does not relate to the revenue,
so as to authorize a direct appeal to the Supreme Court.

2. SAME—*the revenue must be directly, and not incidentally, in-
volved.* To justify a direct appeal to the Supreme Court upon the
ground that the case relates to the revenue, the revenue must be
directly, and not incidentally, involved.

APPEAL from the Circuit Court of Cook county; the
Hon. J. W. MACK, Judge, presiding.

JAMES HAMILTON LEWIS, Corporation Counsel, (MAC-
LAY HOYNE, and COLIN C. H. FYFFE, of counsel,) for ap-
pellant.

HARRY A. LEWIS, County Attorney, WM. F. STRUCK-
MANN, and FRANK L. SHEPARD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The bill herein alleges that the city council of the city
of Chicago, under an ordinance for establishing a free public
library and reading room, has annually levied taxes for the
use of said library; that an act as to the fees of certain offi-
cers provides that the county clerk shall be entitled to receive
the following fees: "For extending other than State and
county taxes, two cents (02c.) for each tax on each tract
or lot, and each person's personal tax, to be paid by the au-
thority for whose benefit the transcript is made and the taxes
extended, and it shall be the duty of the county clerk to
certify to the county collector the amount due from each

authority, and the collector, in his settlement with such authority, shall reserve such amount from the amount due and payable by him to such authority;" that the various county clerks of said county have certified to the county collector an additional charge of two cents for each tax on each tract or lot and each person's personal tax by reason of the extension of the tax levied by said city for the use of said library; that the county collector has each year reserved from the amount due and payable to said city the amount so certified. The bill specifically states the amounts that have been so reserved for certain years and alleges that for other years large amounts have been retained, without stating the exact sum, and that these moneys are held by said collector as a trust fund for the city; that said city is without remedy except in a court of equity, and prays that an accounting be had with such collector for said moneys illegally retained. Appellee's demurrer to this bill was sustained. Appellant elected to stand by its bill, which was thereupon dismissed, and the case was brought directly to this court on appeal.

From the foregoing statement it is obvious that this court has no jurisdiction to entertain this appeal. It cannot be contended that the validity of a statute or construction of the constitution, a franchise or freehold, is here involved or that the State is interested. We therefore assume that appellant appealed to this court on the theory that the suit relates to revenue. In order to give this court jurisdiction revenue must be directly, and not incidentally, involved. (*People* v. *Hendee,* 199 Ill. 55.) This court, in *Reed* v. *Village of Chatsworth,* 201 Ill. 480, stated (p. 482) "that the question of revenue can only be at issue when some recognized authority of the State or some of the municipalities authorized by law to assess or collect taxes are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded." Here, as in that case, the tax had already been collected, and no question arises between those who levied the tax and those

who paid it. This case, in principle, is in all respects like *Reed* v. *Village of Chatsworth, supra; People* v. *Helt,* 203 Ill. 111; *Wilson* v. *County of Marion,* 205 id. 580; *Trustees of Schools* v. *Board of School Inspectors,* 208 id. 73.

Having no jurisdiction to entertain this appeal, it will be dismissed.

*Appeal dismissed.*