People ex rel. Oscar Nelson, Auditor of Public Accounts, Complainants, v. Bank of Rushville, Defendant.

People ex rel. E. Ross Chitwood, County Treasurer and Ex-officio County Collector of Schuyler County, Appellee, v. Henry W. Ladewig, Receiver of Bank of Rushville, Appellant.

Gen. No. 8,676.

Opinion filed May 24, 1933.

C. EDWARD FLESHER and OSCAR J. PUTTING, for appellant.

O. D. ARNOLD, State's Attorney, and B. O. WILLARD, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from the circuit court of Schuyler county where decretal orders were entered in favor of E. Ross Chitwood, county treasurer and ex-officio county collector of said county, and against Henry W. Ladewig, as receiver of the Bank of Rushville.

In the case of the *People ex rel. Oscar Nelson, as Auditor of Public Accounts of the State of Illinois v. the Bank of Rushville,* appellee, E. Ross Chitwood, county treasurer and ex-officio county collector of Schuyler county, Illinois, after obtaining leave of court, filed four intervening petitions in said cause against appellant Henry W. Ladewig, receiver of the

Bank of Rushville, wherein he alleged in each of his intervening petitions that he had a preferred claim and prayed for an order of court to the effect that his claim be allowed as that of a preferred creditor, giving him preference over the general creditors of the Bank of Rushville.

The first petition that was filed by E. Ross Chitwood, as county treasurer and ex-officio county collector of the county of Schuyler, was for the sum of $3,882.21 for the personal property tax for the year 1930, against the Bank of Rushville. The second claim filed by appellee was for the sum of $4,293.33 for money that was on deposit in the Bank of Rushville the day of closing. The other two claims that were filed by appellee and tried at the same time as the two just mentioned are not in controversy and have no part in this appeal. The issues were joined on the two petitions and they were heard together, and by stipulation it was agreed between the parties that the records of the proceedings of the trial could be consolidated into one record for the purpose of appeal.

Appellee filed his claim with Henry W. Ladewig, receiver, for $3,882.21 for personal property tax that had been levied against the Bank of Rushville for the year 1930, which was due and payable in the spring of 1931. This personal property tax was not paid by the receiver, nor was the claim allowed by him, and appellee filed his petition in the circuit court in the general liquidation suit against the bank, asking that the claim be allowed as a preferred claim.

The receiver filed his answer, denying that appellee had a preferred claim and also denying that appellee had any claim for tax against the Bank of Rushville.

To maintain his issues, appellee introduced into evidence page 66 of the assessor's book for 1930 for Rushville township, Schuyler county. The book shows that the Bank of Rushville had personal property of the total assessed value of $85,700.

Page 65 of the collector's book for Rushville township, 1930, was put in evidence, showing that the Bank of Rushville had personal property of an assessed value of $85,700; that the state tax was $334.23; county tax $317.09; town tax $145.69; road and bridge tax $282.81; corporation tax $1,088.39; district school tax $1,714.00; and that someone had written in pencil "unable to collect tax, Bank in hands of Receiver." The book was offered in evidence together with the collector's warrants.

The supervisors' journal was offered in evidence by petitioner, which shows that the county collector submitted a list to the board of supervisors of personal property tax which he had been unable to collect for the year 1930, and asked credit for the same. Page 309 shows the Bank of Rushville closed and the assessed value of $85,700, and the amount $3,882.21.

The court entered a decree that "said claim so filed by said E. Ross Chitwood, County Treasurer and Ex-Officio County Collector, be and the same hereby is allowed as a preferred claim, and the claim for a preference is hereby allowed accordingly." The decree then ordered the receiver to pay $3,882.21 "in due course of administration."; and the receiver was "ordered to consider the said sum of $3,882.21 as an amount to be preferred against the assets of the said Bank of Rushville to all other claims against the said bank except those claims having an antecedent lien against the assets of the bank."

We have presented appellant's statement of the case as to the first claim for the recovery of taxes against the bank. Appellee has presented its motion to transfer the cause to the Supreme Court on the ground that the cause presents a question concerning the revenue and that this court has no jurisdiction to hear the cause.

The collector's books showed the items of this tax and below the items there was marked in pencil "un-

able to collect tax, Bank in hands of Receiver." The assessor's books were submitted in evidence, showing an assessment of personal property against the bank to the amount of $85,700 and various levies of taxes thereon were purported to be shown. It is contended by appellant that the proofs do not show a legal tax levied.

As to the second claim made in the suit appellant presents the following statement: Appellee, county treasurer for Schuyler county, had on deposit in the Bank of Rushville an account known as the general treasurer's fund. There was to the credit of appellee in said Bank of Rushville, in the general treasurer's fund, the sum of $4,293.33 at the time of the closing of the bank. Appellee filed a claim for this amount with appellant, as receiver of the Bank of Rushville and designated it as a preferred claim for undistributed tax money, and filed in the general liquidation suit then pending in the circuit court of Schuyler county an intervening petition, setting up the filing of the claim and asking that it be allowed as a preferred claim over general creditors. The receiver filed his answer denying that the petitioner was entitled to a preference.

Appellee introduced testimony showing that B. L. Strong, appellee's predecessor in office, on April 28, 1930, had deposited in the Bank of Rushville two deposits, one in the sum of $7,558.01, and the other in the sum of $3,774.64, and that the deposits were made up of a list of persons from whom the bank collected the taxes and then credited the account of the county collector. The testimony further shows that the Bank of Rushville did not give credit for this deposit made on April 28 until September 2, 1930, and then it was entered upon the county collector's passbook and credited to his account.

B. L. Strong consolidated his collector's account and the general treasurer's account before he retired

from office, and completely extinguished the collector's account in which these deposits had been made. The general treasurer's account consisted of moneys of every kind and character, paid into the treasury, and checks were drawn against it to pay routine office expenses and county bills. As to these items appellee contends that the proof shows that, in accordance with the custom, the bank had asked for the privilege of collecting the taxes for certain of what would seem to be customers, and that in pursuance of such request the deputy collector took to the bank in April, 1930, a list of such customers, together with the amount due for taxes, and at the same time handed to the bank tax receipts covering the same to the various parties. One of such slips of paper, being a deposit slip in the Bank of Rushville, was dated April 28, 1930. The two slips embraced in the total items of taxes amounted to $11,332.65. The proof does not show when these collections were made, but they were not placed to the credit of County Collector Strong until September. Consequently, no distribution of such funds could have been made, and according to the testimony of Mrs. Leach none was made.

Under Strong's administration, he kept a collector's account in which he placed all the tax money; a treasurer's account in which he placed any miscellaneous items and receipts of the county; a dog tax fund and a miscellaneous fund. At the termination of his office, he did not make prompt settlement with the incoming treasurer, Mr. E. Ross Chitwood, the present petitioner. On December 5, 1930, Strong transferred his collector's account, amounting to $9,447.90 to his treasurer's account; and on December 8, 1930, he gave a check to Mr. Chitwood for $9,522.28. Of that amount, of course, the sum of $9,447.90 was the proceeds of tax collections.

The two items in dispute amounted to the said sum of $11,332.65. Strong had in his account as collector

on December 5, 1930, the sum of $9,447.90. It is apparent that had there been a distribution of $11,332.65, there could not have been $9,447.90 in the collector's account on December 5. It seems to be conclusively established that there was no distribution of the two items amounting to $11,332.65.

·These cases are here consolidated under an order of the court. The receiver of the bank merely stands in the shoes of the bank for the purpose of paying taxes, and is the only person against whom proceedings may be instituted by the State to collect the tax.

We are clearly of the opinion as to the first claim set out that it is a proceeding against the taxpayer to collect the tax; that it involves a question of revenue and that this court has no jurisdiction to hear the cause.

It is held in *People v. Cermac,* 317 Ill. 590, 596: "The revenue could only be involved, under the issues of a case, so that this court would have jurisdiction of an appeal, where some of the authorities authorized by law are proceeding to assess or collect taxes under the law and questions arise between them and the taxpayers." Citing *Reed v. Village of Chatsworth,* 201 Ill. 480; and *People v. Hendee,* 199 Ill. 55.

As to the second claim, whether it involves the question of revenue or not, it is so tied to the first claim that this court cannot pass upon it without exceeding its jurisdiction, and passing upon both of the issues in the case.

Accordingly, in pursuance of the motion by appellee, the cause is transferred to the Supreme Court.

*Cause transferred.*