CLARA L. WELLS *et al.*

*v.*

BERNARD F. ROGERS *et al.*

*Opinion filed April 16, 1902.*

1. APPEALS AND ERRORS—*case must relate directly to revenue to give Supreme Court jurisdiction.* In order to give the Supreme Court jurisdiction of a direct appeal under the provision of section 88 of the Practice act, concerning appeals in cases involving revenue, the case must relate to the revenue directly, and not merely incidentally or remotely.

2. SAME—*when the Supreme Court cannot entertain an appeal.* The Supreme Court cannot entertain a direct appeal from an order denying an injunction and dismissing the bill, where the bill is to enjoin payments under a contract for a local improvement upon the grounds that the character and quality of the work and materials are inferior to those required by the ordinance and contract, that certain of the work was done at a fixed price and not by competitive bidding, and that the specifications contained anti-alien-labor and eight-hour-day clauses.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ARTHUR B. WELLS, and JOHN M. BLAKELEY, for appellants.

CHARLES M. WALKER, Corporation Counsel, EDGAR B. TOLMAN, ROBERT REDFIELD, and WILLIAM M. PINDELL, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

On July 6, 1899, the city of Chicago passed an ordinance for the grading and paving of Clinton street from the south curb line of West Lake street to the north line of the street railway right of way on VanBuren street, etc. Afterwards the board of local improvements entered into a contract with the appellee the Gaffney & Long Construction Company for the doing of the work and furnishing the material for said improvement. On August 2, 1901, appellants filed their bill in the superior court of Cook county against appellees, by which they prayed to have the contract between the board of local improvements and said contractor, the Gaffney & Long Construction Company, declared void, and to have the said board of local improvements enjoined from making any payments on account of the work done and being done under said contract, or issuing any bonds or vouchers therefor chargeable to the funds to be raised under the special assessment levied to pay for such improvements. The bill was sworn to and certain *ex parte* affidavits attached to and filed therewith, upon which the complainants moved for a temporary injunction. The defendants were duly notified, and they filed counter-affidavits denying the facts set up in the bill. The court denied the motion for an injunction and dismissed the bill at the complainants' costs. To reverse that decree the complainants below have prosecuted this appeal, bringing the case directly to this court.

At our October term, 1901, the appellees appeared by their counsel and entered their motion to dismiss the ap-

peal for want of jurisdiction in this court, and in support thereof presented suggestions and cited authorities. No objections or counter-suggestions to that motion were filed by appellants, and the motion was taken with the cause and its final disposition reserved to the hearing.

The allegations of the bill upon which the prayer for relief is based are, in substance, as follows: First, the character and quality of the work and materials in the construction of the improvement were defective and inferior to those required by the ordinance and contract; second, certain work in reference to the catch-basins was done at a fixed price, and not by competitive bidding; third, the specifications contained a clause forbidding the employment of alien labor; and fourth, said specifications contained a clause constituting eight hours a day's labor. As above stated, the affidavits filed in support of and against the motion for a temporary writ of injunction simply tended to prove or disprove these averments.

Manifestly, complainants have mistaken the court to which their appeal should have been taken. There can be no pretext that a franchise, freehold, validity of a statute or construction of the constitution is here involved. The only possible claim of jurisdiction in this court must be that the case relates to the revenue. But we have held that in order to give this court jurisdiction under that provision of section 88 of the Practice act the case must relate to the revenue directly, and not merely incidentally or remotely. (*Hodge* v. *People,* 96 Ill. 423; *Board of Supervisors of Shelby County* v. *People ex rel.* 159 id. 242.) The most that can be said of the case made by this bill is, that the revenue might be incidentally or remotely affected by the result. Without expressing any opinion, therefore, as to the merits of the case, the appeal will be dismissed.                    *Appeal dismissed.*