EDWARD O. REED

*v.*

THE VILLAGE OF CHATSWORTH.

*Opinion filed February 18, 1903.*

1. APPEALS AND ERRORS—*what necessary in order that the revenue be involved.* The revenue can only be involved, under the issues, where some of the authorities authorized by law are proceeding to assess or collect taxes under the law and questions arise between them and the tax-payers.

2. SAME—*when revenue is not involved on appeal.* The revenue is not involved, for purposes of a direct appeal to the Supreme Court, in a controversy between two bodies of municipal authorities over the right to receive the proceeds of a tax already collected.

APPEAL from the Circuit Court of Livingston county; the Hon. JOHN H. MOFFETT, Judge, presiding.

A. C. NORTON, for appellant.

CHARLES D. CARY, and N. J. PILLSBURY, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

The commissioners of highways of the township of Chatsworth, Livingston county, Illinois, at their regular meeting in September, 1900, caused to be entered upon their records a levy for the collection of road and bridge taxes, "as per section 119 of an act in regard to roads and bridges." This tax was regularly collected by the collector and amounted to the sum of $346.27, and the same was turned over to Edward O. Reed, the county treasurer. The village of Chatsworth, appellant, is situated within the territorial limits of the town of Chatsworth, and as soon as such moneys were collected by the collector and were ready for distribution, the village called upon the collector to pay over to the treasurer of said village one-half the said sum of $346.27. The commissioners of highways called upon the collector to pay over to their treasurer the whole amount of said tax so levied and collected. Edward O. Reed, as treasurer, thereupon filed a bill of interpleader in the circuit court of Livingston county, making both the village of Chatsworth and the commissioners of highways parties. The township of Chatsworth was under the road labor system. The commissioners made due answer to the bill of interpleader, and by agreement a sufficient answer was considered in on behalf of the village. The case was heard before the circuit court of Livingston county, and a decree entered by said court finding that the commissioners of highways were entitled to all the moneys so collected. From this decree the village appealed directly to this court.

201—31

This case appears to be docketed as it was in the trial court and does not properly show the relation of the parties. The village of Chatsworth is the appellant here.

From the foregoing statement it appears to us that we have no jurisdiction to entertain this appeal. We assume that appellant sought this forum on the theory that it was a case "relating to revenue." We cannot so construe it. Our view is that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded. Here the tax is already collected and in the hands of the county treasurer, and no question arises between those who levied the tax and those who paid it. In fact, there is no question made upon the tax or revenue at all. The controversy raised by this record is as to whether the village shall have one-half of the fund so raised and in the hands of the treasurer, or whether the township shall have the whole of it. Some argument is made upon the supposed repeal of the section of the statute under which the tax was levied, but we do not think there is any substantial question in it. The language of the law is not doubtful, and we think there is no question raised by the alleged claim that section 119 of the Road and Bridge act, as passed in 1883, was repealed or in any manner affected by the amendment of section 16 by the act of 1889. (Laws of 1889, p. 228.) Upon an examination of these laws we regard them so plain that there is no question to construe; nor is there anything that could arise by way of implication that would present to us a question as to this statute.

Entertaining, as we do, these views, the appeal must be dismissed.                    *Appeal dismissed.*