THE PEOPLE ex rel. Board of School Inspectors

v.

THE CITY COUNCIL OF PEORIA.

*Opinion filed October 23, 1907.*

1. APPEALS AND ERRORS—*when case does not relate to the revenue.* A *mandamus* suit to determine whether the board of school inspectors or the city council has power to fix the rate of tax levy for school purposes, which question involves only the construction of the various statutes affecting the powers of the parties, does not relate to the revenue in such a manner as to give the Supreme Court jurisdiction of a direct appeal.

2. SAME—*parties cannot give the Supreme Court jurisdiction by stipulation.* The fact that the parties to a *mandamus* suit not involving any question which would authorize the Supreme Court to take jurisdiction of a direct appeal, stipulate in the record that the appeal shall be taken to the Supreme Court does not give that court jurisdiction, and the appeal will be dismissed.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

H. C. FULLER, and WINSLOW EVANS, for appellants.

HENRY MANSFIELD, Corporation Counsel, and W. H. MOORE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of school inspectors of the city of Peoria, in July, 1906, having determined the amount of money which, in their opinion, would be required to be raised by taxation for the support of the public schools of the city for the ensuing year, notified the city council to levy a tax of 2.25 per cent for educational purposes. The city council levied for educational purposes only 1.277 per cent, whereupon the board of school inspectors filed in the circuit court of Peoria county their petition praying for a writ of *mandamus* re-

quiring the city council to make an additional levy of 973 thousandths per cent. From the judgment sustaining a demurrer and dismissing the petition the petitioners have prosecuted an appeal to this court.

This court has no jurisdiction to entertain the appeal. The purpose of the suit was to determine the question whether the board of school inspectors or the city council had the authority to fix the rate of the tax levy for school purposes. The determination of that question rested upon the construction of the various statutes affecting the powers of the respective parties. No franchise or freehold, no construction of the constitution or validity of a statute, was involved. The case was not one relating to the revenue, within the meaning of the statute authorizing appeals to this court in such cases. To give jurisdiction in such cases the revenue must be directly, and not incidentally, involved. (*Reed* v. *Village of Chatsworth,* 201 Ill. 480; *Wilson* v. *County of Marion,* 205 id. 580; *School Trustees* v. *School Inspectors,* 208 id. 73; *City of Chicago* v. *Cook County,* 224 id. 246.) In the first case cited the test of jurisdiction given is, "that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded." The board of school inspectors is a branch of the city government. (*School Trustees* v. *School Inspectors, supra.*) No question arises in regard to the right of the city of Peoria to levy taxes for school purposes. The controversy is as to what particular branch of the city government shall fix the rate.

The record contains a stipulation of the parties that the appeal shall be taken directly to the Supreme Court. But jurisdiction of the subject matter depends upon the statute, and cannot be conferred by consent. *Foote* v. *Lake County,* 198 Ill. 638.

The appeal was improperly taken to this court, and the clerk will be directed to transmit the transcript and files to the clerk of the Appellate Court for the Second district.

*Cause transferred.*