THE PEOPLE, for use, etc. Appellant, *vs.* FRANK HOLTEN
*et al.* Appellees.

*Opinion filed June 18, 1913.*

1. APPEALS AND ERRORS—*Supreme Court has direct appellate jurisdiction if revenue is directly affected.* The Supreme Court has direct appellate jurisdiction of a case which directly affects the revenue, as where the question arises between a recognized authority or municipality authorized by law to assess and collect taxes and those of whom the taxes are demanded.

2. SAME—*the Supreme Court has jurisdiction if the question is whether the money belongs to the revenue.* If the question to be determined in a controversy is whether the money demanded belongs to the revenue, the revenue is directly affected and the Supreme Court has direct appellate jurisdiction of the case.

3. SAME—*when case relates directly to the revenue.* An action by tax-payers on the bond of a tax collector, the breach alleged being that he has failed to pay over to the city a certain sum of money collected by him as taxes, involves the question whether such money belongs to the revenue, and the revenue is therefore directly affected.

4. PLEADING—*a demurrer tenders an issue of law on the facts well pleaded.* In case of a demurrer to a declaration the facts well pleaded are admitted, and an issue of law is tendered as to whether such facts give a right of action.

5. SAME—*what question cannot be presented by a demurrer.* Whether persons alleged to be tax-payers and who are prosecuting a suit in the name of the People, for the use of a city, on the official bond of a tax collector, are authorized to act for and protect the rights of the city is a question which cannot be raised by demurrer.

6. BONDS—*who are not "aggrieved persons," mentioned in section 262 of Revenue act.* Tax-payers suing on the official bond of a tax collector in the name of the People, for the use of a city, are not "aggrieved persons," within the meaning of section 262 of the Revenue act, since they are not entitled, in their own right, to receive the money sued for.

7. SAME—*when suit is not authorized by section 4 of article 10 of the Cities and Villages act.* Section 4 of article 10 of the Cities and Villages act refers only to actions brought in the name and for the benefit of a city or village, and does not authorize a suit by tax-payers in the name of the People, for the use of a city.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

JOHN HAY, for appellant.

SILAS COOK, WHITNEL, BROWNING & GILLESPIE, and KRAMER, KRAMER & CAMPBELL, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was brought in the circuit court of St. Clair county, in the name of the People of the State of Illinois for the use of the city of East St. Louis, against Frank Holten and the sureties on his official bond as collector of taxes of the town of East St. Louis for the year 1910. The declaration alleged the appointment of Frank Holten to the office of city treasurer of the city of East St. Louis, by which he became *ex-officio* collector of taxes of the town of East St. Louis; that the bond was executed and approved and that he collected the taxes for the year 1910 levied by said city. The breach assigned was failure to pay over to the city of East St. Louis the sum of $9147.57, an alleged balance of the city taxes collected by him and in his hands. Twelve of the defendants filed what they called pleas to the jurisdiction of the court, seven joining in one plea and five in another. These pleas challenged the jurisdiction of the court by alleging that certain tax-payers named in the declaration were not authorized to prosecute the suit for the city of East St. Louis, and that the attorney filing the declaration did not have authority to use the name of the city as a party. The plaintiff demurred to these pleas and the demurrers were sustained. The defendant Frank Holten, who did not join in the pleas, filed a motion to dismiss the suit upon the same grounds on which the other defendants disputed the jurisdiction. His motion was overruled. Thereupon the defendants filed a general and special de-

murrer to the declaration, which was sustained, and the plaintiff electing to stand by the declaration, judgment was entered in bar of the action and for costs. This appeal was prosecuted from the judgment.

A motion was made by the appellees to transfer the cause to the Appellate Court for the Fourth District on the ground that the appeal does not involve any question giving this court jurisdiction, and we reserved the motion to the hearing of the case. This court has jurisdiction on direct appeal in cases relating to the revenue, and this means that the revenue must be directly affected. It is directly involved where the question arises between a recognized authority or municipality authorized by law to assess and collect taxes and those of whom the taxes are demanded. Where the controversy is merely over the question what municipality shall have money derived from revenue, and there is no question whether the money is revenue or not, this court has no jurisdiction by direct appeal, because the suit does not relate to revenue. (*Reed* v. *Village of Chatsworth,* 201 Ill. 480; *Trustees of Schools* v. *Board of School Inspectors of Peoria,* 208 id. 73; *People* v. *Helt,* 203 id. 111.) The principle on which cases of that kind have been decided is, that the controversy must relate to the question whether money demanded belongs to the revenue or not, which is precisely the question here. So far as the question whether a suit relates to the revenue is concerned, there is no distinction between money in the hands of a tax collector claimed as revenue, and the same money demanded from the original tax-payers as revenue. The question to be determined in this suit is whether a certain sum alleged to be in the hands of the collector is revenue of the city of East St. Louis. If it is not revenue plaintiff cannot succeed in the action, but if it is revenue it belongs in the treasury of the city; and there is a plain distinction between this case and suits between different taxing authorities claiming money admitted to be revenue. The

motion was resisted on constitutional grounds, but there is no constitutional question involved. This court would not have jurisdiction on the ground that tax-payers are deprived of their property without due process of law by the retention of the money by the collector. It is not the case of an unauthorized tax under which the property of individuals may be seized for an illegal purpose, and the money claimed is not the property of the tax-payers but has been paid over to the collector as taxes and is alleged to be the property of the city in his hands. The motion is denied.

The special grounds of demurrer alleged were the same as those which were presented by the pleas and motion. The declaration alleged that the people of the State of Illinois, by certain named persons alleged to be tax-payers, for the use of the city of East St. Louis, complained of the defendants, and the special causes of demurrer were that those persons had no authority to prosecute and maintain the suit. That is the only basis of any argument in this court in support of the ruling sustaining the demurrer. It is not contended that the facts alleged in the declaration do not constitute a good cause of action, but it is argued that the suit is being prosecuted by persons who have no right to institute it. There is no question of the legal capacity of the People of the State of Illinois to sue on the bond for the use of the city of East St. Louis, nor any objection to the real parties to the suit. A demurrer tenders an issue of law upon the facts alleged in the pleading demurred to, which, so far as well pleaded, are admitted to be true. It is an objection that the pleading against which it is directed is insufficient, in law, to support the action or defense and that the demurrant should not therefore be required to further plead, and in case of a demurrer to a declaration the facts alleged are admitted and an issue of law is tendered as to whether such facts give a right of action. It is not the office of a demurrer to raise any question assigned as special causes of demurrer in this case. The declaration is

quite diffusive and alleges many matters which could be eliminated without in the least affecting its sufficiency. It not only names certain tax-payers at the outset, as before noted, but it alleges that they are aggrieved persons, belonging to the class mentioned in section 262 of the Revenue act. They are not aggrieved persons entitled to sue on a collector's bond for their use, since they are not entitled, in their own right, to receive the money sued for. Neither does section 4 of article 10 of the Cities and Villages act authorize this kind of a suit, as it refers only to actions brought in the name and for the benefit of the city or village. The facts alleged in a declaration determine its character, and there is no claim that the facts alleged do not show a good cause of action in the city of East St. Louis. The city has a right to prosecute such suit or dismiss it, and the question whether certain tax-payers are authorized to act for and protect the rights of the city cannot be raised by demurrer. The court erred in sustaining the demurrer.

The judgment is reversed and the cause remanded to the circuit court.

*Reversed and remanded.*