THE COUNTY OF LAKE, Appellee, *vs.* CARL P. WESTERFIELD, Appellant.

*Opinion filed June 24, 1915.*

1. APPEALS AND ERRORS—*what is not a suit relating to revenue.* An action of assumpsit by a county to recover from the county treasurer interest received on public money deposited in banks is not a suit relating to the revenue, such as will authorize a direct appeal to the Supreme Court.

2. SAME—*when constitutional question is not involved.* Where the only question on the merits in a suit by a county against the county treasurer is whether interest received by the treasurer on public money deposited in banks is included in the term "fees or allowances," used in section 10 of article 10 of the constitution, or in the term "fees, perquisites and emoluments," used in section 52 of the Fees and Salaries act, no direct appeal to the Supreme Court is authorized.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

A. F. BEAUBIEN, and FRANK L. SHEPARD, for appellant.

R. J. DADY, State's Attorney, (E. M. RUNYARD, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, Carl P. Westerfield, appealed to this court from a judgment recovered by the appellee, the county of Lake, in the circuit court of that county, against him, and the appellee has moved to have the cause transferred to the Appellate Court for the Second District.

The declaration was in assumpsit for interest received by the defendant on public moneys in his hands as county treasurer during his term of office. There was a plea of the general issue and a trial before the court without a jury. It was agreed that the defendant during his term of office deposited public funds in banks and received as interest $7343.90, that no part of said sum was claimed by defendant as any part of his annual salary, and that he never had reported the same to the county board or paid the same, or any part thereof, into the county treasury. The disputed questions were whether the money so received as interest was the property of the plaintiff or the defendant, and whether, if it was not the property of the defendant, the action could be maintained by the plaintiff instead of the different taxing bodies entitled to the funds which drew interest. The court held propositions of law submitted by plaintiff that money received by a county treasurer as interest on public moneys was a perquisite or emolument of his office which he must pay into the county treasury, and refused to hold propositions of law submitted by the

defendant that a county treasurer need not account for interest upon funds in his hands by virtue of his office, but that his duty to pay over ceases when he accounts and pays over the principal. The errors assigned are, that the court erred in holding the propositions of law submitted by the plaintiff and refusing the propositions presented by the defendant, and in entering the judgment. The only issues in the circuit court or this court are whether the interest money was the money of the plaintiff or the defendant, and if it was not the money of the plaintiff, whether the county could maintain the suit.

Section 10 of article 10 of the constitution, relating to counties other than Cook, provides that all fees or allowances received by county officers in excess of their compensation fixed by the county board shall be paid into the county treasury, and section 52 of chapter 53 of the Revised Statutes provides that all fees, perquisites and emoluments received by county officers in counties of the class of Lake, above the amount of their compensation fixed by the county boards, shall be paid into the county treasury. No question is raised by either party as to the validity of the statute or the construction of the constitution, and the only question on the merits is whether interest received by a county treasurer on moneys in his hands is included in the term "fees or allowances" in the constitution, or "fees, perquisites and emoluments" mentioned in the statute.

This court has no jurisdiction of the case on direct appeal on the ground that the validity of the statute or the construction of the constitution is involved. Neither is there any question about the "revenue," which term, as used in the statute, relates only to the collection of demands by the State or some municipality of taxes or exactions of money for the public use. The revenue must be directly involved, and the fact that money about which there is a controversy has been collected as revenue does not authorize a direct appeal. (*Reed* v. *Village of Chatsworth*, 201

Ill. 480; *Wilson* v. *Marion County,* 205 id. 580; *City of Chicago* v. *Cook County,* 224 id. 246; *People* v. *Peoria City Council,* 229 id. 225.) The appeal should have been taken to the Appellate Court.

The motion that the case be transferred is allowed, and it is transferred to the Appellate Court for the Second District.                                                                     *Cause transferred.*