---

(No. 12294.—Reversed and remanded.)
·  THE PEOPLE, for use, etc., Plaintiff in Error, *vs.* FRANK HOLTEN *et al.* Defendants in Error.

*Opinion filed February 20, 1919—Rehearing denied April 2, 1910.*

. 1. PUBLIC OFFICERS—*when tax-payers may maintain a bill in equity against a public officer and his sureties.* A tax-payer in a municipality may maintain a bill in equity in behalf of himself and all other tax-payers against a former city treasurer and his sureties to require the return to the city treasury of commissions unlawfully withheld by him upon the amount of taxes collected by him as *ex-officio* collector of taxes.

2. MUNICIPAL CORPORATIONS—*when municipality cannot compromise claim for less than full amount due.* Where the amount of commissions unlawfully withheld by a city treasurer on taxes collected by him as *ex-officio* collector is not disputed and it is not claimed that he or the sureties on his bond are insolvent or that the amount due cannot be collected, the city cannot compromise its suit on his bond for less than the amount due and thereby bar the right of tax-payers to have the full amount returned to the city treasury.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

JOHN HAY, for plaintiff in error.

TURNER & HOLDER, for defendant in error Frank W. Puderer.

287 — 15

D. J. SULLIVAN, Corporation Counsel, H. L. BROWN-
ING, City Attorney, THOMAS E. GILLESPIE, SILAS COOK,
and KRAMER, KRAMER & CAMPBELL, for other defendants
in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a suit in equity against Frank Holten and the
sureties on his official bonds as city treasurer of East
St. Louis and as *ex-officio* collector of the town of East
St. Louis for a failure to turn over and account for taxes
collected by Holten as such officer.

Holten was duly elected treasurer of the city of East
St. Louis for the years 1910 and 1911. The town and city
of East St. Louis are co-extensive and the city treasurer
of said city was *ex-officio* collector of taxes for the town
of East St. Louis. In 1912 separate suits were brought
on Holten's two official bonds,—one at law and one in
equity. Both suits were brought in the name of the Peo-
ple of the State of Illinois by five tax-payers for the use
of all tax-payers in the town of East St. Louis and the
city of East St. Louis. A demurrer was sustained to the
declaration in the action at law and the suit dismissed, from
which judgment an appeal was prosecuted to this court,
resulting in a reversal of the judgment of the circuit court.
(*People* v. *Holten,* 259 Ill. 219.) Upon the re-docketing
of that suit in the circuit court of St. Clair county it was
transferred to chancery and consolidated with the other
suit in chancery then pending in that court. Thereafter an
amended bill and a second amended bill were filed in the
consolidated case. The second amended bill alleged Hol-
ten, as such officer, collected the taxes for the years 1909
and 1910; that in addition to his salary and compensation
as such officer in the year 1910 he deducted from the taxes
collected that year two per cent, amounting to $10,296.44,
and paid of that amount to the city $1989.83 but retained
$8306.61; that from the taxes collected in the year 1911

he deducted two per cent, or $11,236.86, and paid of that amount to the city $2089.29 and retained $9147.57. This litigation was instituted to recover, for the use of the municipalities interested, these sums of money, and interest thereon, alleged to have been retained and appropriated by Holten to his personal use in addition to his salary and compensation as fixed and provided by law. The bill asked for a foreclosure of the lien of the bonds against the real estate of Holten, and certain parties alleged to have or claim some interest in the real estate were made parties defendant. The city and town of East St. Louis were both made parties defendant. The second amended bill also alleged that during the pendency of the litigation the defendants, their attorneys, and the town and city of East St. Louis by their officers, entered into a fraudulent and unlawful plan and scheme to settle and dispose of the indebtedness of Holten sued for, for the benefit and advantage of defendants and without any consideration therefor; that it was agreed the city should pretend to prosecute two actions on the bonds of Holten in the name of the People for the use of the town and city; that suits were instituted in the city court of East St. Louis and were compromised and judgments by agreement entered,—in one case for $925 where the indebtedness was $8306.61, and in the other case for $975 where the indebtedness was $9147.57. The bill at great length charges that such agreement and settlements were fraudulent and unlawful and of no binding effect. The bill prayed that the city and town of East St. Louis be enjoined from further interfering with the prosecution of the suits on the bonds of Holten; that the judgments entered by agreement upon stipulation be set aside and vacated; that an account be taken of the money collected by Holten as such collector, and that he be required to disclose and show all matters and things necessary to determine the liability of himself and sureties upon said bonds; that the defendants be required to pay the sums found due on said

bonds, with interest at ten per cent thereon, to be compounded semi-annually from May 1, 1910, and May 1, 1911, respectively; that a lien be decreed against the real estate of Holten by reason of the filing of his bonds in the recorder's office, and that such lien be adjudged prior to any lien of any of the defendants to the bill; that said real estate be decreed to be sold and the proceeds applied first upon the indebtedness due under the first bond and second upon the indebtedness due upon the second bond. The bill further prayed that the complaining tax-payers be allowed their costs and disbursements necessarily expended in the prosecution of the suit, together with their attorneys' fees, out of the fund recovered.

Holten filed a separate answer to the bill; also the town of East St. Louis and the city of East St. Louis filed answers, and the other defendants joined in an answer. All of the answers were substantially the same, and denied the right of the tax-payers mentioned in the bill to maintain and prosecute the suit, and denied that Holten failed to discharge his duties as collector to the injury of the tax-payers, the town of East St. Louis and the city of East St. Louis. The answers denied that the settlement and compromise of the claims against Holten as collector, and the judgments entered by agreement upon his bonds, were fraudulent or the result of a plan to divert and dispose of money due or authorized to be recovered against Holten and his sureties.

It appears that for a number of years previous treasurers and collectors had charged and retained two per cent commissions on taxes collected in addition to their salary and compensation fixed. The bonds had been signed by bankers and others, and the bringing of the suits against Holten on his bonds attracted attention and caused comment. Henry D. Sexton, president of one of the banks of East St. Louis and who had signed the bonds of a number of other collectors besides Holten, called the then mayor's attention to the matter and suggested the bringing

of suits on the bonds by the city in order to clear up the matter. The mayor consulted with the corporation counsel, who thereafter brought suits on each of Holten's bonds and twenty-two other suits on other bonds. Attorneys were employed by the defendants to these suits and nego-. tiations begun, which resulted in an agreement that judgments should be entered in favor of plaintiffs for various amounts in the respective cases, aggregating about $20,500. The judgments in the two cases on Holten's bonds were entered pursuant to the agreement and stipulation for $925 and $975, respectively. The city council of the city of East St. Louis authorized the settlement by an ordinance. This ordinance was passed pursuant to a report of a committee of five aldermen appointed by the mayor, which report recommended a settlement by the city with the ex-city collectors and their sureties against whom the suits had been brought, on a basis of twenty per cent of the amounts said collectors had retained as two per cent on the taxes collected by them. The ordinance set out the amounts for which the corporation counsel was authorized to settle the suits pending by the entry of judgments, the amounts in the two cases against Holten being $925 and $975, respectively.

After replications filed the cause was referred to a special master to take and report the testimony, together with his conclusions of law and fact. The master found Holten had collected and retained from a two per cent commission on the taxes received, in addition to his salary and compensation, the sums of money alleged in the second amended bill. The master further reported that the proof did not sustain the charge that·the judgments by agreement rendered on the Holten bonds for $925 and $975, respectively, were the result of a fraudulent scheme of the parties to that agreement, and that there was no fraud and collusion between said parties for the bringing and settling of the twenty-four suits. The master further reported that the tax-payers mentioned in the bill of complaint were not ag-

grieved persons of the class mentioned in section 262 of the Revenue act, and had no right, under said section, to maintain the suit; also that section 4 of article 10 of the Cities and Villages act did not authorize the bringing of the suit, and for that reason he recommended that a decree be entered dismissing the bill for want of equity at the cost of the tax-payers therein named. Objections to the master's report and recommendations were overruled by him and renewed as exceptions in the circuit court. They were overruled by the chancellor and a decree entered dismissing the bill at the cost of the complainant tax-payers. The record is brought to this court for review by writ of error.

Two principal questions are presented for determination: (1) Were the tax-payers named in the bill authorized to bring and prosecute the suit; and (2) assuming, as reported by the master, that the evidence did not support the charge of fraud and corruption in the settlement of the liability on the two bonds of Holten for a much smaller sum than was legally due, had the town and city of East St. Louis authority and power to make the settlement and compromise and are the judgments rendered pursuant thereto valid and binding as settlements of the entire liability.

This suit does not purport to be brought by authority of any statute conferring upon a tax-payer the right to bring an action at law in such case. The legal right and title to the money sought to be recovered by this action is not in the tax-payer complainants. (*People* v. *Holten,* *supra.*) This is a bill in chancery in the name of the People by five tax-payers, on behalf of themselves and all other tax-payers interested in the fund. The right of a tax-payer to maintain a bill in equity in behalf of himself and all other tax-payers against a public officer for misappropriating public funds was considered by this court in the case of *Jones* v. *O'Connell,* 266 Ill. 443, and it was held that

such an action could be maintained. The principles upon which equity may be resorted to in such cases by a tax-payer will be found stated in the opinion in that case, and they are supported by authorities there cited. The court said in part: "If tax-payers have a right or interest which the bill in this case was intended to protect it is of a purely equitable nature, the legal right and title being in the State. If the defendant, O'Connell, has money in his hands which he has no right to retain but which he is bound to pay to the State Treasurer, the sum retained by him must be made up by taxation, and every tax-payer has an equitable right to see that the money so unlawfully retained shall be paid to the State Treasurer for the use of the State. This court has always recognized that rule and has uniformly held that the tax-payers are in equity the owners of the property of a municipality, and whenever public officials threaten to pay out public funds for a purpose unauthorized by law or misappropriate such funds, equity will assume jurisdiction to prevent the unauthorized act or to redress the wrong; and this is because the right and interest are equitable in their nature and are not recognized by courts of law."

It is true, in the *Jones case* the suit was against the officer, only, but we can see no reason, in principle, why, if such an action may be maintained against the officer, it may not also be maintained against him and his sureties. We do not understand it to be controverted that Holten kept and retained for his own use, from the taxes collected by him, the amounts claimed in the bill in addition to his salary and compensation, and the master so found. If those charged with the duty of protecting and conserving the public money fail or refuse to act in such cases for the benefit of the tax-payers, from whom the money was collected and who have an interest in its proper appropriation, the tax-payers may resort to equity to redress the wrong. It certainly cannot be that in such cases the tax-payers are helpless.

Whether by reason of doubtful liability of other treasurers than Holten, or by deaths, insolvencies or removals from the State of persons responsible on the bonds, the settlement of the other twenty-two cases should be held valid and the judgments in them binding is not before us for determination in this case. The only question involved in this branch of the case is whether the judgments, by agreement, on the Holten bonds in the actions at law brought by the corporation counsel of the city of East St. Louis while this litigation was pending were valid and binding judgments and a bar to any recovery in this action. So far as appears from the record before us there is no dispute as to the amount of the liability on the two bonds, and it is not even claimed that on account of death or insolvency of either Holten or his sureties the amount of such liability could not be collected or that the collection would be endangered.

The right of a municipality to compromise a claim which is not doubtful, for less than the full amount due, was passed upon by this court in *People* v. *Parker,* 231 Ill. 478. In that case Parker, the town collector of the town of Alton, had retained two per cent commission on taxes collected by him, to the amount of $1045.52. The People, for the use of the town, sued and recovered a judgment against him for that amount. The cause was appealed to the Appellate Court, where the judgment was affirmed, and a further appeal was prosecuted to this court. While the appeal was pending in this court, at the annual town meeting of the town of Alton a resolution was adopted authorizing the supervisor, on payment of $25 by Parker, to satisfy the judgment of record. Parker paid the $25, the supervisor satisfied the judgment and appellants dismissed their appeal in this court. Plaintiffs in the suit entered a motion in the circuit court to set aside the satisfaction of the judgment, which was ordered done, and the case again came to this court. This court held that the town meet-

ing and the municipality were without authority to settle for less than the full amount of the judgment; that the attempt to settle for less than the amount due was an attempt to unlawfully divert the public money to a private use. The decision is well supported by authority and appears to us conclusive of the question here under consideration.

Some other questions are discussed in the briefs, but the two questions referred to and treated were the material questions passed upon by the court, and we do not deem it advisable to discuss other questions.

For the errors indicated the decree is reversed and the cause remanded.          *Reversed and remanded.*

