(No. 13789.—Cause transferred.)
THE PEOPLE, for use, etc. *vs.* FRANK HOLTEN *et al.* Defendants in Error.—(JOHN HAY, Plaintiff in Error.)

*Opinion filed June 22, 1921.*

1. APPEALS AND ERRORS—*question of revenue must be directly involved.* To give the Supreme Court jurisdiction of an appeal or writ of error because the revenue is involved the case must relate to the revenue directly, and not merely incidentally or remotely.

2. SAME—*when question of revenue is involved.* The question of revenue is directly involved when some recognized authority of the State is attempting, under the law, to assess and collect taxes and questions arise between it and the tax-payers, or where the controversy is whether the fund in dispute belongs to the revenue of the county or State or some division thereof, but not where the controversy is as to which municipality shall have money derived from revenue, there being no question as to whether the money is revenue.

3. SAME—*question of revenue is not involved in suit for compensation out of revenue.* A question of revenue is not involved in a suit between a municipality and an individual who claims he is entitled to be paid out of revenue, conceded to be such, for services rendered by him to the municipality, or that he is entitled to a lien upon any taxes collected; and this is true whether the claimant is an officer or attorney or any other individual rendering a like service.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding.

JOHN HAY, *pro se.*

H. L. BROWNING, THOMAS E. GILLESPIE, SILAS COOK, and KRAMER, KRAMER & CAMPBELL, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This cause was reviewed on writ of error by this court at our February term, 1919. (*People* v. *Holten,* 287 Ill. 225.) We refer to the decision in that case for a state-

ment of the facts upon which the record was then reviewed. After the mandate of this court was filed in the circuit court and the cause had been re-instated, an order was entered giving leave to plaintiff in error, John Hay, to file his intervening petition for allowance of compensation for legal services rendered and to be rendered by him for the original complainant and five tax-payers of the town of East St. Louis at whose instance the suit was brought, and also for the establishment of a lien for such attorney fees and for expenses of suit on the fund to be recovered and on the decree for the recovery of the taxes, etc. Defendants in error filed a motion to dismiss the petition of plaintiff in error for the allowance of attorney fees, etc., upon the ground that the tax-payers had no such control over the funds or taxes that might be collected as would authorize them to contract with petitioner for attorney fees and to make the same a lien on the fund, and for that reason the contract was void and was also void for other reasons. It is further alleged by defendants in error that plaintiff in error had no contract with the town of East St. Louis or with the city of East St. Louis to prosecute the original suit, and that his petition was prematurely filed as no judgment or decree had been rendered in the original cause, and that for those reasons he was entitled to no lien under his petition. The circuit court sustained defendants in error's motion and dismissed the plaintiff in error's petition.

From the foregoing statement the nature of the issues upon which this writ of error is to be decided is set forth. Defendants in error in their briefs have raised the question of the jurisdiction of this court to entertain this writ of error. It is clear that there can be no pretext that a franchise, freehold, validity of a statute or construction of the constitution is here involved. The jurisdiction of this court turns solely upon the question whether or not the case relates to the revenue within the meaning of our statute. Under the statute the case must relate to the revenue directly,

and not merely incidentally or remotely, to give this court jurisdiction. (*Wells* v. *Rogers,* 196 Ill. 292.) The question of revenue is involved when some recognized authority of the State or some municipality authorized by law to assess and collect taxes is attempting to proceed, under the law, to collect the same and questions arise between it and those of whom taxes are demanded. The revenue is also involved, within the meaning of the act, where the controversy is whether the fund in dispute belongs to the revenue of the county or State or some division thereof. (*Heinrich* v. *Harrigan,* 288 Ill. 170.) Where the controversy is merely over the question what municipality shall have the money derived from revenue, and there is no question whether the money is revenue or not, this court has no jurisdiction by direct appeal, as the suit does not relate to revenue. (*People* v. *Holten,* 259 Ill. 219.) It is also quite clear that a question of revenue is not involved in a case where the suit is between a municipality and any individual suitor who may claim that he is entitled to be paid for services to the municipality out of the revenue, conceded to be such, for services rendered by him to the municipality, or upon a claim that he is entitled to a lien upon any taxes collected for such services performed by him, whether he be an officer or attorney or any other individual rendering a like service. As there is no question whatever in this proceeding as to whether or not the fund in question is or will become a part of the taxes belonging to the town or city of East St. Louis, there is no question of revenue involved, within the meaning of the statute. This court is therefore without jurisdiction to further consider this writ of error.

The cause will be transferred to the Appellate Court for the Fourth District, and the clerk of this court will transmit to the clerk of the Appellate Court all the files in this cause, together with the order to transfer.     *Cause transferred.*