THE PEOPLE *ex rel.* H. M. Roy, County Superintendent of Highways, Appellant, *vs.* THE BOARD OF SUPERVISORS OF KNOX COUNTY *et al.* Appellees.

*Opinion filed December 21, 1927.*

1. APPEALS AND ERRORS—*construction of a statute does not authorize a direct appeal.* To warrant an appeal directly from the lower court to the Supreme Court it is not sufficient that the construction of a statute or its application is involved but the validity of the statute or a construction of some provision of the constitution must be involved.

2. SAME—*proceeding to determine right to public office does not involve franchise.* A public office is not a franchise, and a proceeding to test the right of a person to hold and execute the duties of such office does not involve a franchise so as to warrant a direct appeal to the Supreme Court.

3. MANDAMUS—*appeals and writs of error are to be prosecuted as in other cases.* Appeals and writs of error in *mandamus* cases are to be prosecuted in the same manner and upon the same terms and with like effect as in other civil cases.

APPEAL from the Circuit Court of Knox county; the Hon. GEORGE C. HILLYER, Judge, presiding.

R. D. ROBINSON, for appellant.

R. C. RICE, State's Attorney, and HARDY & HARDY, for appellees.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellant, H. M. Roy, filed his petition for a writ of *mandamus* in the circuit court of Knox county against the county of Knox and the board of supervisors of that county. The petition alleged, among other things, that appellant had been duly elected, qualified and was acting as superintendent of highways of Knox county; that the board of supervisors of that county, without a hearing or trial, adopted a motion discharging appellant as county

superintendent of highways for incompetency and failure to perform the duties of his office and declaring the office vacant, and that thereafter the board of supervisors refused to recognize appellant as such officer. The prayer of the petition was that a writ of *mandamus* issue directed to Knox county and to the board of supervisors of Knox county commanding them to permit appellant to carry out his duties as superintendent of highways and to permit him to perform his duties as such officer to the end of a six-year term, and for other relief. A demurrer was filed to the petition, and upon its being overruled an answer was filed and a replication to the answer. The cause was tried before the court without a jury, and upon the conclusion of appellant's evidence the court sustained the motion made by appellees to find in their favor and entered a judgment dismissing appellant's petition at his costs, from which judgment an appeal has been perfected to this court.

An inspection of the pleadings, record and assignments of error discloses the fact that the only question for consideration upon this appeal is whether or not the board of supervisors of Knox county had a right, under the circumstances disclosed in the record, to discharge appellant as county superintendent of highways. While a determination of this question will necessitate the construction of sections of the statute, to warrant an appeal direct from the lower court to this court it is not sufficient that the construction of a statute or its application is involved but the validity of the statute or a construction of some provision of the constitution must be involved. (*People* v. *Cermak,* 317 Ill. 590; *Cooper* v. *Palais Royal Theatre Co.* 320 id. 44.) Neither by the pleadings nor by any assignment of error is any question raised as to the validity of a section of a statute or as to the construction of any provision of the constitution.

Neither can this appeal be taken directly to this court on the ground that a franchise is involved. Appellant claims

title to a public office and the right to perform its duties. A public office is not a franchise, and a proceeding to test the right of a person to hold and execute the duties of such office does not involve a franchise nor of itself authorize a direct appeal to this court. (*People* v. *Pettow,* 320 Ill. 572.) Appeals and writs of error in *mandamus* cases are to be prosecuted in this State in the same manner and upon the same terms and with like effect as in other civil cases. *People* v. *Deneen,* 201 Ill. 452.

Neither a construction of the constitution, the validity of a statute, a franchise, a freehold nor the revenue is involved in this litigation, and the appeal should therefore have been prosecuted to the Appellate Court for the Second District. The cause is therefore transferred to the Appellate Court for the Second District.

·    *Cause transferred.*