(No. 26504.— )

THE PEOPLE *ex rel.* The City of Chicago, Appellee, *vs.* LUDWIG D. SCHREIBER, City Clerk, Appellant.

*Opinion filed March 16, 1942.*

GOTTLIEB & SCHWARTZ, (CLAUDE A. ROTH, and HARRY E. SMOOT, of counsel,) for appellant.

BARNET HODES, Corporation Counsel, (JAMES A. VELDE, and ALPHONSE CERZA, of counsel,) for appellee.

WARREN H. ORR, GOLD & LIEBMAN, and MORRIS H. SACHS, for Harry Wolfberg, intervenor and separate appellant.

Mr. JUSTICE WILSON delivered the opinion of the court:

The sole question which requires consideration on this appeal is whether the revenue is involved in the litigation

within the contemplation of section 75 of the Civil Practice act. (Ill. Rev. Stat. 1941, chap. 110, par. 199, p. 2429.) April 10, 1941, the People of the State, on the relation of the city of Chicago, filed in the superior court of Cook county a petition for a writ of *mandamus* directing the defendant, Ludwig D. Schreiber, city clerk of Chicago, to turn over to the city treasury all the compensation he has received and will receive for issuing fishing and hunting licenses. Defendant answered, the cause was submitted on the pleadings, and judgment rendered awarding the writ. Defendant prosecutes a direct appeal. Also involved is a separate appeal by Harry Wolfberg, a taxpayer of the city of Chicago, from an order of the superior court denying his petition for leave to intervene and from the final judgment order, insofar as it failed to require an accounting to be made by defendant.

Section 3 of part 2 of article 12 of the Cities and Villages act (Ill. Rev. Stat. 1941, chap. 24, par. 172) provides that the compensation of all officers of the city of Chicago shall be by salary, as fixed in the annual appropriation bill, by the city council, and that "No officer shall be allowed any fees, perquisites or emoluments or any reward or compensation aside from his salary, but all fees and earnings of his office or department shall be paid by him into the city treasury." The Municipal Code of Chicago has fixed the annual salary of the city clerk at $8000. Defendant has received this salary for the years 1939 and 1940, and it has been appropriated for the year 1941. Section 1 of "An act in relation to funds or monies received by public officers or agents of public or municipal bodies, by virtue of their offices or positions," (Ill. Rev. Stat. 1941, chap. 102, par. 20,) makes it the duty of all such officers, except treasurers, who receive any funds, money, or other things of value, by virtue of their offices or positions, to keep an account thereof and pay over and deliver the same to the treasurer. Defendant took office as city clerk April 12, 1939, and his term runs to April 5, 1943. Immediately

upon qualifying as city clerk he undertook the issuance of licenses under the Fish Code of Illinois (Ill. Rev. Stat. 1939, chap. 56, pars. 66 and 70) and, also, under the Game Code. (Ill. Rev. Stat. 1939, chap. 61, pars. 79 and 80.) Deductions are authorized by the city clerk issuing licenses under those codes as "his or her fee for so doing." (Ill. Rev. Stat. 1939, chap. 56, par. 70; Ill. Rev. Stat. 1937, chap. 61, par. 89.) It is admitted by defendant that he ·has in his hands $38,363.90, representing deductions from fees collected by him as city clerk during the years 1939 and 1940.

Defendant places reliance on *People* v. *Holten,* 259 Ill. 219, holding that where the controversy relates to the question whether money demanded belongs to the revenue or not, the revenue is involved so as to warrant a direct appeal. Mr. Justice Cartwright pointed out that so far as the question whether an action relates to the revenue is concerned no distinction obtains between money in the hands of a tax collecter, claimed as revenue, and the same money demanded from the original taxpayers as revenue. Accordingly, the court entertained a direct appeal in an action instituted by taxpayers in the name of the People and for the use of the city of East St. Louis against Holten and sureties on his bond as collector of taxes of the town of East St. Louis charging that the collector had failed to pay over to the city of East St. Louis $9147.57 collected by him as taxes. The precise issue presented for decision in the circuit court of St. Clair county and upon appeal was whether the sum mentioned in the hands of the collecter was revenue of the city of East St. Louis. On the other hand the question presented here is not whether the sum of $38,363.90 is revenue of the city of Chicago. Indeed, there is no question with respect to whether the money is revenue. Admittedly, all moneys collected by the city clerk in payment of licenses under the Fish Code and Game Code constitute revenue of the State of Illinois. The State is not, however, interested in this proceeding and is making

no claim with respect to any money collected by defendant for license fees. In short, there is no question presented with respect to the collection of demands by the State or any municipality of taxes or exactions of money for the public use. The decisive question presented in the superior court and by the present appeal is whether the compensation retained by defendant as city clerk for collecting such license fees for the State represents fees and earnings of the office of the city clerk by virtue of the statutory provisions specified and whether, as such city clerk, he has to account to the city treasurer for them, or whether defendant personally is entitled to retain the amounts deducted. The question of revenue can be at issue only when some recognized authority of the State, or some of its political subdivisions authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded. (*People* v. *Village of Midlothian,* 370 Ill. 223; *Reed* v. *Village of Chatsworth,* 201 id. 480.) The revenue must be directly, not merely incidentally or remotely involved, and the mere fact that money about which there is a controversy has been collected as revenue does not warrant a direct appeal. (*City of Chicago* v. *McDonough,* 351 Ill. 200; *County of Lake* v. *Westerfield,* 268 id. 501.) In *City of Chicago* v. *McDonough, supra,* this court, in an analogous situation, observed: "The issue presented here relates only to whether the appellant shall have possession of the entire sum remaining in the hands of the county treasurer or whether certain taxes and costs shall be paid and deducted therefrom. The revenue would not even be incidentally or remotely affected by the result except in point of time such taxes are paid."

The revenue not being involved, this court has no jurisdiction and the cause is transferred to the Appellate Court for the First District.