(No. 26626.— )
FIRST NATIONAL BANK OF JONESBORO *et al.*, Appellees, *vs.* ROAD DISTRICT No. 8, Appellant.

*Opinion filed March 16, 1943—Rehearing denied May 13, 1943.*

PAUL D. REESE, for appellant.

R. WALLACE KARRAKER, and FORD L. RENDLEMAN, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a direct appeal from the circuit court of Union county. The case primarily involves a controversy between

certain drainage districts and appellant, as to who is entitled to receive, and the purposes for which, certain funds now on deposit with appellee First National Bank of Jonesboro, may be lawfully used. The record shows that the litigation was set in motion by the filing of a suit at law by appellant, Road District No. 8, against said bank for the recovery of the funds. Subsequent to the filing of that suit, and while it was still pending and undetermined, the bank filed the complaint in this cause. By the amended complaint, it was alleged that on June 9, 1920, the road district deposited with the bank the sum of $2124.19. It is further alleged that there was an accumulation of interest on the funds on deposit in the amount of $1397.29; that the bank held said total funds of $3521.48 in a special account to the credit of the road district, designated on its books as "Drainage Fund."

The purpose of the complaint was to require the various districts claiming the right to receive the fund, by reason of certain assessments made by such districts against Road District No. 8, to interplead and to obtain a decree determining the ownership of the funds, and directing their distribution. By the complaint, the bank also asked to have the further prosecution of the suit at law, brought by Road District No. 8, enjoined. The court, by its final decree, determined the rights of the road district and the various drainage districts, and ordered distribution of the funds.

Notwithstanding the briefs cover more than three hundred pages, no one has suggested any grounds which would give this court jurisdiction to review the case on direct appeal. In the statement of errors relied upon in appellant's brief, forty-two different errors are presented which, it is claimed, require a reversal of the decree. In none of these statements of error is any constitutional or other question suggested which would give us jurisdiction on direct appeal. An examination of the two-hundred-sixty-four-page brief

filed by appellant, fails to disclose that any such questions were raised, or passed upon, or even suggested, at any stage of the voluminous proceedings in the court below.

There being no constitutional question involved, we can only assume that the direct appeal is prosecuted to this court on the theory that the revenue is involved. This assumption, however, is not sustained by the record. It is elementary that in order to give this court jurisdiction on the ground that the revenue is involved, the revenue must be directly, and not incidentally, involved. (*People ex rel. City of Chicago* v. *Schreiber,* 379 Ill. 283; *City of Chicago* v. *Cook County,* 224 id. 246; *People ex rel. Gridley* v. *Hendee,* 199 id. 55.) In *Reed* v. *Village of Chatsworth,* 201 Ill. 480, it was said, "that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded."

The record in this case shows that while the fund consisted of drainage assessments, collected prior to 1920, and the accumulation of interest thereon while it remained in the bank, the suit relates only to taxes collected many years ago. No question arises between those who levied, or who are entitled to collect the taxes, and those who, it is claimed, should pay them. The revenue is in no sense involved. *City of Chicago* v. *Cook County, supra.*

It is clear that no question of revenue is involved in this case. There being no other questions involved which would give this court jurisdiction on direct appeal, we have no jurisdiction.

The cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*