(No. 29357.—

WALTER MANDRAKE *et al.,* Appellants, *vs.* VICTOR L. SCHLAEGER, County Collector, *et al.,* Appellees.

*Opinion filed May 21, 1946.*

DAVID I. LIPMAN, and HARRY G. FINS, both of Chicago, for appellants.

WILLIAM J. TUOHY, State's Attorney, (JACOB SHAMBERG, GORDON B. NASH, and MEYER H. GOLDSTEIN, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

Appellants, designating themselves as taxpayers of Cook county, filed the complaint in this cause in the superior court of Cook county to enjoin the payment of salaries to certain deputy clerks of the probate court "for the judicial functions," which, it was alleged, were being performed by such deputies in the probate court of Cook county. On motion of the defendants, the trial court struck the complaint and dismissed the action for want of equity. To review that judgment, the plaintiffs have perfected a direct appeal to this court upon the alleged grounds that constitutional questions are involved and that the action is one relating to the revenue. A motion has been made in this court, by appellees, to transfer the cause to the Appellate Court on the ground that we have no jurisdiction on direct appeal. This motion was taken with the case and must be first considered.

The rule is that in order to give this court jurisdiction on direct appeal on the ground that a constitutional question is involved, it must appear from the record that a construction of some provision of the constitution or the validity of some statutory provision is directly involved. This rule has been announced so frequently that the citation of authorities to support it is wholly unnecessary.

To warrant a direct appeal to this court, it is not sufficient that the construction of a statute or its application is involved. The validity of a statute or the construction of some provision of the constitution must be directly involved. (*Standard Motors Securities Corp.* v. *Yates Co.,* 337 Ill. 250; *People ex rel. Roy* v. *Board of Supervisors,* 328 Ill. 343.) The constitutional question must be fairly debatable and must be based upon the record and not merely upon the argument of counsel. *People ex rel. Rago* v. *Lipsky,* 390 Ill. 70; *People ex rel. Ponall* v. *Wally,* 375 Ill. 33.

The authority of clerks of probate courts to appoint deputies is conferred by section 15 of the act of April 27, 1877. (Ill. Rev. Stat. 1945, chap. 37, par. 312.) No question is raised as to the validity of that section or any other provision of the statute. The complaint here is not that the deputy clerks have not been lawfully appointed, but relates to the character of the duties which it is said they perform. It is alleged that such deputies are designated as assistants to the probate judge and that they perform judicial functions. The performance of such duties by deputy clerks is alleged to be in violation of section 2 of article II, article III, and sections 20 and 29 of article VI of the constitution. It is further alleged that this also constitutes a denial to plaintiffs of the equal protection of the laws, in violation of the fourteenth amendment to the constitution of the United States.

The county treasurer, the county clerk, and the clerk of the probate court were named as defendants in the suit. The prayer of the complaint is that the defendants be enjoined from disbursing "tax monies of the county of Cook for the judicial functions that are being performed in the probate court of Cook county" by the seven deputies whose names are set out in the complaint. These deputies whose salaries are involved were not made parties to the suit.

The gravamen of the charge is that certain deputies appointed by the clerk of the probate court, under the statute, are engaged in performing certain duties which are alleged to be judicial in their nature, and that such deputies not being judicial officers cannot, under the constitutional provisions referred to, lawfully perform such duties. From this appellants conclude that the salaries of such deputies cannot be lawfully paid from the county treasury. It is not the act of the clerk in appointing the deputies, nor their right to receive salaries, but the character of the duties which it is alleged are performed by the deputies, which appellants claim violates their constitutional rights. They do not allege that they were parties to, or otherwise interested in, any cause or proceeding in which such deputies have performed judicial functions.

The only constitutional question sought to be raised by the complaint is the right of nonjudicial officers to perform judicial functions. That the judicial power is, by the constitution, vested exclusively in the courts is not a debatable question. (*People ex rel. State Bar Association* v. *Peoples Stock Yards State Bank*, 344 Ill. 462.) Clearly, no question is here involved which requires the construction of any provision of the constitution. It is only the acts of the individual deputies in the performance of their duties under valid appointments, as such deputies, which provoked the litigation and gave rise to the questions involved upon the record. There is no averment in the complaint which involves a construction of any provision of the constitution, and, as already observed, there is no attack on the validity of any statute.

Appellants' further contention that this is a case relating to the revenue cannot be sustained. In order to give this court jurisdiction on direct appeal on the ground that the cause is one relating to the revenue, the revenue must be directly involved. (*County of Lake* v. *Westerfield*, 268 Ill.

501.) The question of revenue can be an issue only when some recognized authority of the State or some of the municipalities authorized by law to assess or collect taxes are attempting to proceed under the law, and questions arise between them and those of whom the taxes are demanded. *First Nat. Bank* v. *Road District No. 8,* 382 Ill. 508; *People ex rel. City of Chicago* v. *Schreiber,* 379 Ill. 283; *Reed* v. *Village of Chatsworth,* 201 Ill. 480.

The cases relied upon by appellants are not in point. *Adams* v. *Brenan,* 177 Ill. 194, was a suit to enjoin the board of education of the city of Chicago from carrying out a contract and from paying out money under such contract which contained a provision alleged to be in violation of the constitution. *Holden* v. *City of Alton,* 179 Ill. 318, was a suit to enjoin a city from paying out money raised by taxation under a contract entered into under an ordinance containing a provision which this court held violated the constitution. In both of these cases a constitutional question was clearly involved. *People* v. *Holten,* 259 Ill. 219, was a suit brought in the name of the People, for the use of a city, on the bond of a city treasurer for the recovery of funds collected by him as taxes, and not turned over by him to the city. *Saxby* v. *Sonnemann,* 318 Ill. 600, was a suit by a taxpayer to recover for the State money paid to a member of the legislature out of the State Treasury, in violation of article III, and section 15 of article IV of the constitution. *People ex rel. Schreiner* v. *Courtney,* 380 Ill. 171, was a suit brought by taxpayers against certain public officials and others to recover for the People the difference between the amount realized from a tax foreclosure sale, alleged to have been tainted with fraud, and the total amount of tax delinquencies, with interest. This case and that of *People* v. *Holten* were, in effect, actions to recover taxes. In *Saxby* v. *Sonnemann,* constitutional questions were directly involved. The cause

of action arose under the constitutional provisions referred to. None of the above cases aid appellants here.

This is a taxpayers' suit to enjoin the payment of salaries to deputy probate clerks. Statutory authority for the appointment of such deputies is conceded. Their right to receive salaries is not challenged on the ground that they were not lawfully appointed, but only on the ground that they are actually performing duties which are, in fact, judicial. The prayer of the complaint is that the defendants be enjoined from paying salaries to such deputies "for the judicial functions that are being performed" by them. The case is entirely different from actions brought by taxpayers to recover for the use of the State or other political subdivisions, tax money wrongfully withheld or paid out in violation of law and contrary to the constitution.

The case involves no question which gives this court jurisdiction on direct appeal. The motion to transfer the cause will have to be sustained. The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*