(No. 32517.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* MINNIE E. SMITH *et al.*—(HAROLD HARRIS, Appellant.)

*Opinion filed November 20, 1952.*

AARON SOBLE, of Chicago, for appellant.

ROBERT C. NELSON, State's Attorney, WALTER M. GIV-LER, and WILBUR B. BRAZELL, all of Waukegan, and HAROLD J. CLARK, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Lake County entered a decree of foreclosure and sale in a tax foreclosure proceeding. At 9:30 A.M., on the day fixed for the sale, at the instance of Harold Harris, the appellant, who was a prospective bidder, an order was entered vacating the decree as to the property here involved. Later on the same day the property was sold to Harold J. Clark, the successful bidder, and another order was entered reinstating the decree as to that property. An order approving the sale was subsequently entered. Appellant then moved to set aside the order approving the sale insofar as it related to the property in question, and after a hearing that motion was denied. By this direct appeal, appellant seeks to review the order of the circuit court denying his motion to set aside the order approving the sale. It is unnecessary to pursue further the details of the controversy between the parties because the jurisdiction of this court upon direct appeal is challenged and we believe the challenge is well taken.

Jurisdiction is sought to be sustained upon the grounds that the State is interested and that the case is one relating to the revenue. Ill. Rev. Stat. 1951, chap. 110, par. 199.

The first of the asserted grounds of jurisdiction is clearly untenable. The interest of the State which justifies a direct appeal to this court must be substantial and not nominal. A pecuniary interest in the outcome of the litiga-

tion is required. (*Keplinger* v. *Lord,* 357 Ill. 571.) No such interest is present. The tax liens foreclosed in this case were for the years 1934 to 1950, inclusive. During none of these years was a general property tax levied on behalf of the State of Illinois. The State can therefore have no possible financial interest in the outcome of this litigation.

Turning to the second ground upon which jurisdiction is predicated, it is settled that in order to give this court jurisdiction of a direct appeal on the ground that the cause is one relating to the revenue, the revenue must be involved directly, and not incidentally or remotely. (*Mandrake* v. *Schlaeger,* 393 Ill. 610; *Woodmen of the World Life Ins. Society* v. *County of Cook,* 381 Ill. 558; *City of Chicago* v. *McDonough,* 351 Ill. 200; *People ex rel. Rexses* v. *Cermak,* 317 Ill. 590; *People* v. *Holten,* 298 Ill. 225; *Wells* v. *Rogers,* 196 Ill. 292.) The standard to be applied in determining the existence of jurisdiction has frequently been stated in these narrow terms: "The question of revenue can be at issue only when some recognized authority of the State, or some of its political subdivisions authorized by law to assess or collect taxes, are attempting to proceed under the law, and questions arise between them and those from whom the taxes are demanded." (*People ex rel. DeLeuw & Co.* v. *Village of Midlothian,* 370 Ill. 223, 224. To the same effect, see *Town of Thornton* v. *Winterhoff,* 406 Ill. 113; *Mandrake* v. *Schlaeger,* 393 Ill. 610; *City of Chicago* v. *McDonough,* 351 Ill. 200; *Reed* v. *Village of Chatsworth,* 201 Ill. 480.) Applying this test to the present case, jurisdiction fails because there is here no controversy as to the amount of taxes due and unpaid, and no issue between a taxpayer and a governmental body. Jurisdiction has also been sustained where the question was whether a particular sum of money was, or was not, the revenue of the State or one of its subdivisions. (*Heinrich* v. *Harrigan,* 288 Ill. 170; *People* v. *Holten,* 259 Ill.

219.) Again, the facts of this case fail to meet the standard, for there is here no dispute as to the status or the proper disposition of the proceeds of the sale.

As appellant points out, however, jurisdiction has several times been taken upon direct appeal from decrees entered in tax foreclosure actions. In some of these cases, as in *People* v. *Taylorville Sanitary Dist.* 371 Ill. 280, and *People* v. *Anderson*, 380 Ill. 158, the controversy concerned the status of the proceeds of a tax foreclosure sale and the relative priority of the liens of general taxes and of special assessments. In such cases the question was whether particular moneys were revenue or not, and on established principles jurisdiction existed. In other cases, *People* v. *Thain*, 392 Ill. 592; *People* v. *Schwartz*, 397 Ill. 279, no question as to the jurisdiction of this court upon direct appeal was raised or discussed. In *People* v. *Mortenson*, 404 Ill. 107, an appeal by the purchaser at a tax foreclosure sale from an order denying a petition for the issuance of a deed, it was stated, without citation or discussion, that both the revenue and a freehold were involved. Likewise, here, the question of jurisdiction was not raised, and the case involved and pertained to an interpretation of the Torrens Act.

In *People* v. *Home Real Estate Improvement Corp.* 379 Ill. 536, the appellants, interested school districts, appealed directly from a decree foreclosing the lien of general taxes, claiming that the price bid at the sale was inadequate. No question as to jurisdiction was raised by the parties, but the court of its own volition took note of its lack of jurisdiction, saying, (p. 539) "There is no dispute as to what part of the delinquent taxes would be payable to the school districts where collected. There is no dispute between a taxpayer and a municipality or other taxing body that has levied a tax. The question relating to the revenue can be at issue only when a recognized authority of the State, or someone acting in its behalf, or

some political subdivision thereof, authorized by law to assess and collect taxes, is attempting to proceed under the law, and questions arise between the taxing body and those from whom taxes are demanded."

It is clear from the authorities that because a controversy happens to arise in a tax foreclosure action, it does not follow that the revenue is involved in the direct and immediate sense necessary to support the juridiction of this court. Here the dispute is between Clark, the successful bidder at the sale, and the appellant, who seeks to supplant him in that role. In this controversy the revenue is not involved.

This court is without jurisdiction and the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*